Sylvia Kemp-Orino, Robinson & Cole, Hartford, Conn., for plaintiff.

Jonathan D. Hatch, Albert Zakarian, Day, Berry & Howard, Hartford, Conn., for defendant.

**Robert J. KINTNER, Plaintiff,**

v.

**NIDEC–TORIN CORPORATION, Defendant.**

**Civ. No. H–87–83 (JAC).**

United States District Court, D. Connecticut.

June 2, 1987.

### RULING ON DEFENDANT'S MOTION TO DISMISS

JOSÉ A. CABRANES, District Judge:

The questions presented by defendant's Motion to Dismiss (filed Feb. 26, 1987) ("Defendant's Motion") are whether the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110a *et seq.*, ("CUTPA"), applies to fraudulent representations made to induce a person to enter an employment relationship and whether plaintiff's complaint fails to state a cause of action for intentional infliction of emotional distress under Connecticut law.

#### *Background*

Plaintiff was hired by defendant on November 5, 1984 as a "Sales/Marketing Specialist." He was to remain in this position until January 1, 1986, at which time, if his performance was satisfactory, he would be appointed defendant's representative for

New England. Instead, he was terminated on February 8, 1985. Count One of plaintiff's complaint (filed Feb. 4, 1987) alleges that the termination was in breach of contract. Count Two alleges that the representations made by defendant to induce plaintiff to enter in its employment were fraudulent. Count Three alleges negligent misrepresentation. Count Four alleges that defendant's acts in inducing plaintiff to enter into its employment were violations of CUTPA. Count Five claims defendant's acts constituted intentional infliction of emotional distress under Connecticut law.

On February 26, 1987, defendant moved to dismiss Count Two for failure to plead fraud with particularity, Count Four on the grounds that CUTPA does not apply to the employer-employee relationship, and Count Five for failure to state a cause of action for intentional infliction of emotional distress.

In response to defendant's motion to dismiss, plaintiff has filed an amended complaint (filed Mar. 19, 1987) pleading fraud with greater particularity but simply reasserting the previous claims under CUTPA and for intentional infliction of emotional distress in Counts Four and Five. In response to the amended complaint, defendant has withdrawn its motion to dismiss as to Count Two, but continues to press its motion as to the other two counts. Defendant's Reply Memorandum (filed Apr. 29, 1987) at 2.

## I.

### *The Legal Standard*

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take the well-pleaded material allegations of the complaint as admitted. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 173–175, 86 S.Ct. 347, 348–349, 15 L.Ed.2d 247 (1965); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977). The court must construe the complaint liberally in the plaintiff's favor, *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974), and may grant a motion to dismiss only if it is beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980).

## II.

### CUTPA

In *Anderson v. E & J Gallo Winery*, Civil No. H 85–295 (JAC) (D.Conn. Nov. 7, 1985) (*"Anderson"*) [Available on WESTLAW DCT database], this court held that "[a]lthough an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purposes of CUTPA." *Id.*, slip op. at 16. Plaintiff attempts to distinguish this case and other unpublished Connecticut state court and District of Connecticut rulings cited by defendant, *see* cases *attached as* Exhibits A through E to Defendant's Motion, by arguing that the fraudulent acts alleged in the complaint took place prior to the creation of the employer-employee relationship. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (filed Mar. 23, 1987) ("Plaintiff's Memorandum") at 4–5. The argument is not convincing. The predicate of the holding in *Anderson* was that the employer-employee relationship is not "trade or commerce," which is defined in CUTPA as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services, and any property ... and any other article, commodity or thing of value in this state." Conn.Gen.Stat. § 42–110a. Just as actions by an employer during the existence of the employer-employee relationship do not fall within this definition, neither do the acts alleged in this case, which were designed to create the employment relationship in the first place. Accordingly, defendant's motion to dismiss

Count Two of plaintiff's complaint is granted.

### III.
### *Intentional Infliction of Emotional Distress*

Plaintiff relies upon *Murray v. Bridgeport Hospital,* 40 Conn.Supp. 56, 480 A.2d 610 (Conn.Sup.Jud.Dist. of Fairfield at Bridgeport, 1984) (*"Murray"*), for the proposition that the question of whether the allegations of fraudulent misrepresentation amount to intentional infliction of emotional distress is one of fact for the jury; he notes that the Connecticut Supreme Court has cited *Murray* with approval in *Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337, 1342 (1986) (*"Petyan"*). *See* Plaintiff's Memorandum at 7. However, in *Petyan* the Supreme Court cited *Murray* approvingly only insofar as it described the elements of a claim of intentional infliction of emotional distress, not for the proposition that the legal sufficiency of such a claim is necessarily a question of fact. As noted by Judge Peter C. Dorsey in *Collins v. Gulf Corp.,* 605 F.Supp. 1519, 1522 (D.Conn.1985) (explicitly rejecting the conclusion in *Murray v. Bridgeport Hospital* that the question of outrageous conduct was one of fact for the jury), whether defendant's conduct can be characterized as "extreme or outrageous" is for determination by the court in the first instance. *See also Snyder v. Ney,* Civ. No. H–85–653 (JAC) slip op. at 8 (D.Conn. Mar. 25, 1987) [Available on WESTLAW, DCT database] (same).

Plaintiff's allegations arguably support a claim for fraudulent misrepresentation or breach of contract; however, even when accepted as true and interpreted in a light most favorable to plaintiff, plaintiff's claims in Count Five, based for the most part upon misrepresentations regarding plaintiff's prospects and the company's past performance, do not rise to the level of "extreme and outrageous conduct" necessary to support a claim for intentional infliction of emotional distress. *Brown v. Ellis,* 40 Conn.Supp. 165, 167, 484 A.2d 944, 946 (Conn.Super.Jud.Dist. of New London, 1984) ("Extreme and outrageous conduct is

an essential element in the tort of intentional infliction of emotional distress. Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice."). *See also* Restatement (Second) of Torts § 46, comment d (1965) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Accordingly, Defendant's motion to dismiss Count Five is granted.

### *Conclusion*

For the reasons stated above, defendant's motion to dismiss Counts Four and Five of the complaint is granted.

Count Four is dismissed because CUTPA does not apply to misrepresentations designed to induce a person to enter into an employer-employee relationship.

Count Five is dismissed because plaintiff's allegations are insufficient as a matter of law to support a cause of action for intentional infliction of emotional distress.

It is so ordered.