Thomas E. SOLLARS, Jr., as Personal Representative of the Estate of John Raymond Sollars, Deceased; Autumn-Ray Sollars, a minor Through her next friend and parent, Marla Tracy; Amy Sollars and Lisa Sollars, minors Through their next friend and parent, Terry Sollars Bell; Michael Tracy and Steven Tracy, minors Through their next friend and parent, Marla Tracy; Julia Tracy; and Marla Tracy for herself, Plaintiffs,

v.

CITY OF ALBUQUERQUE; Bob Stover, Individually and in his capacity as Chief of Police; John Does 1–8, Supervisors at the Albuquerque Police Department; Michael Fox, Individually and in his official capacity as a police officer with APD; Martin Porath, Individually and in his official capacity as a police officer with APD; Thomas Marten, Individually and in his official capacity as a police officer with APD; Joe Romero, Individually and in his official capacity as a police officer with APD; and John Doe Officers 9–14, Defendants.

No. CIV 91–858 JC.

United States District Court,
D. New Mexico.

June 5, 1992.

Brad D. Hall, Taylor, Gaddy, Rakes & Hall, Albuquerque, N.M., for plaintiffs.

Jeffrey L. Baker, Baker & Associates, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

JOHN E. CONWAY, District Judge.

THIS MATTER came on for consideration of the Defendants' three pending Motions to Dismiss, all filed on September 25, 1991. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motions are well-taken in part and will be granted in part.

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff." *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Shoultz v. Monfort of Colorado Co., Inc.*, 754 F.2d 318, 321 (10th Cir.1985).

The Complaint alleges that while responding to a domestic dispute call, Albuquerque Police Department officers used excessive force resulting in the death of John Sollars. Plaintiff Thomas Sollars has sued the Defendant City and its officers in his capacity as personal representative of his late brother's estate. The estate alleges violation of John Sollars' constitutional rights and seeks damages under 42 U.S.C. § 1983 in Counts I–V. The estate also alleges wrongful death liability under the Torts Claim Act, N.M.Stat.Ann. § 41–4–12 in Counts VI and VII.

The remaining plaintiffs allege in Count V that the officers violated their constitu-

tional rights by "interfering with their familial relationship" to the deceased. Plaintiff Marla Tracy co-habitated with the deceased for approximately eight years and bore his child, plaintiff Autumn–Ray Sollars, in 1986. Plaintiffs Amy and Lisa Sollars are John Sollars' children by a previous marriage and were not present during the incident. Plaintiffs Michael, Steven and Julia Tracy are Marla Tracy's children by a previous marriage who lived with the couple and had developed a "step-dad" type of relationship with the deceased.

The "step-children", biological daughter Autumn–Ray and plaintiff Marla Tracy allegedly were present and witnessed the death of John Sollars. In addition to the federal claim asserted in Count V, they seek "bystander recovery" for emotional distress under New Mexico common law from the officers who shot Sollars in Count VII and from officers who were allegedly negligent in supervision and training in Count VIII.

### I. First Motion to Dismiss

Plaintiffs agree that punitive damages are unavailable in this case against the Defendant City of Albuquerque. Therefore, the First Motion to Dismiss the claim for punitive damages claimed in Count IV(b) of the Complaint will be granted.

### II. Second Motion to Dismiss

Defendants contend that the Plaintiff Thomas Sollars as personal representative of John Sollars' estate lacks standing to bring the Section 1983 claims. The Defendants acknowledge that the Tenth Circuit in *Berry v. Muskogee*, 900 F.2d 1489 (1990), refused to borrow the Oklahoma survivorship and wrongful death statutes to determine whether a Section 1983 claim could be maintained after the death of the victim and what remedies would be available. Rather, the Tenth Circuit "fashioned" as a federal remedy "a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the

party injured.' " *Berry,* 900 F.2d at 1506–07.

The Defendants insist that the *Berry* decision "is in clear contradiction with the dictates of the United States Supreme Court." Defendants' Reply Brief at 7. But the Tenth Circuit in *Berry* considered *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), the supposedly conflicting ruling of the Supreme Court. *Berry,* 900 F.2d at 1503. Despite Defendants' arguments to the contrary, this court is obligated to follow the current law of this circuit as annunciated in *Berry.* Thus, the personal representative has standing to bring John Sollars' Section 1983 claim and the Second Motion to Dismiss for lack of standing will be denied.

## III. Third Motion to Dismiss

### A. *Federal Claims for Interference with Familial Relationships*

Defendants' Third Motion to Dismiss first addresses the Count V constitutional claims for interference with familial relationship brought by the plaintiff girlfriend and her children. Defendants contend that they have no such claim because these plaintiffs, with the exception of Sollars' biological daughter Autumn–Ray, are not related by blood or marriage to the deceased.

█ This Court need not address the standing issue raised by Defendants, however. As Plaintiffs note in their response, the Tenth Circuit requires that, to state a claim for interference with familial relationships, the defendant must have intended to violate the rights of the family survivor. *See Trujillo v. Board of County Commissioners,* 768 F.2d 1186 (10th Cir.1985). Intent to violate the rights of the victim are not transferrable to establish intent to deprive surviving family members of their personal constitutional rights. *Id.* at 1189.

The Complaint alleges only deliberate indifference to the familial rights of John Sollars and those with whom he resided. Plaintiffs assert that they bring this claim in good faith seeking to extend or modify the law to permit a deliberate indifference

showing to suffice. Until such time as the circuit adopts the plaintiff's position, however, the allegations of Count V fail to state a claim upon which relief can be granted. Therefore, dismissal of Count V is appropriate.

### B. *State Claims for Negligence (Counts VII and VIII)*

█ Defendants contend that this Court lacks jurisdiction to determine anything other than the personal representative's claims for relief. Yet, the recently enacted Judicial Improvements Act of 1990 provides that this Court

> shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Because this new law redefines the contours of "pendent" and "ancillary" jurisdiction, the cases cited by Defendants prohibiting jurisdiction over "pendent parties" are inapplicable. I agree with Plaintiffs that the bystander recovery and the negligent supervision and training claims are sufficiently established areas of New Mexico law such that this Court will not decline to the exercise "supplemental" jurisdiction Congress has conferred. *See* 28 U.S.C. § 1367(c). Likewise, these state claims will not substantially predominate over the federal claims of John Sollars.

The New Mexico Supreme Court in *Ramirez v. Armstrong,* 100 N.M. 538, 673 P.2d 822 (1983), relied heavily on California's rationale in *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968) in its adoption of the tort of negligent infliction of emotional distress to a bystander. *See Ramirez* at 540–41, 673 P.2d 822. Relying on the experience of the courts in dealing with the *Dillon* approach, the *Ramirez* opinion adopted four standards for "assur[ing]" the possibility of recovery by deserving claimants, while at the same time placing constraints on liability of defendants":

1. There must be a marital or intimate familial relationship between the victim

and the plaintiff, limited to husband and wife, parent and child, grandparent and grandchild, brother and sister and to those persons who occupy a legitimate position in loco parentis;

2. The shock to the plaintiff must be severe, and result from a direct emotional impact upon the plaintiff caused by the contemporaneous sensory perception of the accident ...;

3. There must be some physical manifestation of, or physical injury to the plaintiff resulting from the emotional injury;

4. The accident must result in physical injury or death to the victim.

*Ramirez* at 541–42, 673 P.2d 822.

When it re-examined the bystander tort in *Folz v. State*, 110 N.M. 457, 797 P.2d 246 (1990), the Supreme Court eliminated the requirement that the plaintiff experience a physical manifestation from the emotional injury. *Id.* at 470–71, 797 P.2d 246. The court further restated the threshold requirements to conform to the less restrictive *Dillon* standards: (1) the plaintiff and the victim enjoyed a marital or intimate family relationship, (2) the plaintiff suffered severe shock from the contemporaneous sensory perception of the accident and (3) the accident caused physical injury or death to the victim. *Folz* at 471, 797 P.2d 246.

■ At issue on this Third Motion to Dismiss is whether the plaintiffs in Count VII satisfy the first requirement for maintaining a claim for negligent infliction of emotional distress. Autumn–Ray Sollars, as the minor daughter of the alleged victim, clearly satisfies the close relationship requirement. The remaining plaintiffs in Count VII assert that they also maintained an intimate relationship with John Sollars as the equivalent of their "step-dad" or "common law" husband in their "family unit". They argue that in today's society foreseeable plaintiffs include loved ones choosing to establish a relationship without a marriage license or blood kinship. For purposes of this motion, the Court presumes that these plaintiffs indeed shared a close relationship with John Sollars which,

although not legally sanctioned, paralleled that of a traditional nuclear family.

Nevertheless, I find that the New Mexico courts would decline to extend recovery for negligent infliction of emotional distress to these plaintiffs. Although New Mexico courts have yet to explore the parameters of "an intimate familial relationship," the California courts have refused to extend *Dillon* to cover similar cases.

[C]ases have generally limited recovery of damages for mental distress to the immediate family of the injured person, but a few have extended their holdings to allow recovery by a bystander who had the "functional and emotional equivalent" of a nuclear family relationship.... We decline to follow the rationale of these decisions for to do so would result in the unreasonable extension of the scope of liability of a negligent actor. The need to draw a bright line in this area of the law is essential, as Dean Prosser has observed. The temptation to give legal effect to close emotional ties between unrelated or distantly related persons is often strong, for it cannot be denied that in some cases such relationships offer as much affection, support and solace as is provided by immediate family members, and that the emotional trauma suffered as the result of injury to a person in such a relationship may be as devastating as that suffered by a member of the immediate family. Yet we cannot draw a principled distinction between an unmarried cohabitant who claims to have a de facto marriage relationship with his partner and de facto siblings, parents, grandparents or children. The "problems of multiplication of actions and damages" that would result from such an extension of liability (cite omitted) would place an intolerable burden on society.

*Elden v. Sheldon*, 46 Cal.3d 267, 250 Cal. Rptr. 254, 260, 758 P.2d 582, 588 (Cal.1988) (in bank) *See also Drew v. Drake*, 110 Cal.App.3d 555, 168 Cal.Rptr. 65 (1980); *Kately v. Wilkinson*, 148 Cal.App.3d 576, 195 Cal.Rptr. 902 (1983).

Several state interests justify denial of liability to "functional" family members for arguably foreseeable emotional injuries. These policy reasons include promotion of the marital relationship, relieving courts of massive intrusions into the private lives of partners to dissect the "closeness" of the relationship, and limiting the legal consequences of a wrong to a predictable and controllable extent. *Elden*, 250 Cal.Rptr. at 258, 758 P.2d at 586–88. I find that the New Mexico court would accept the California rationale as set forth in the *Elden* opinion. Therefore, only Autumn–Ray Sollars states a claim for bystander recovery on Count VII and for emotional distress allegedly caused by negligent supervision and training in Count VIII. The claims of the Tracy plaintiffs will be dismissed.

An order in accordance with this opinion shall be entered.

### ORDER

THIS MATTER came on for consideration of the three pending Motions to Dismiss, all filed September 25, 1991. The Court has entered an opinion of even date.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. Defendants' First Motion to Dismiss the claim for punitive damages against the City of Albuquerque in Count IV(b) of the Complaint be, and hereby is, granted;

2. Defendants' Second Motion to Dismiss the claims of Thomas Sollars as personal representative of the Estate be, and hereby is, denied; and

3. Defendants' Third Motion to Dismiss be and hereby is granted in part to the extent that:

    A. Count V in its entirety is hereby dismissed with prejudice;

    B. The claims of Marla Tracy, Julia Tracy, Michael Tracy and Steven Tracy are hereby dismissed with prejudice;

    C. In all other respects the Third Motion to Dismiss is hereby denied.

4. Because oral argument was unnecessary for the disposition of these motions, the hearing set for June 16, 1992 at 8:00 a.m. is hereby vacated.