**Susan WILLIAMS, Plaintiff,**

v.

**William B. PERRY and the Town of Southington, Defendants.**

Civil No. 3:95CV–01289 (AVC).

United States District Court, D. Connecticut.

March 6, 1996.

John R. Williams, Williams, Polan & Pattis, New Haven, CT, for plaintiff.

Dana Shaw MacKinnon, Siegel, O'Connor, Schiff & Zangari, Hartford, CT, Frederick L. Dorsey, Siegel, O'Connor, Schiff & Zangari, New Haven, CT, Stephen J. Courtney, Gesmonde, Pietresimone, Sgrignari, Pinkus & Sachs, Hamden, CT, for defendants.

### MEMORANDUM OF DECISION ON MOTION TO DISMISS

COVELLO, District Judge.

This is an action for damages and injunctive relief based upon alleged violations of the plaintiff's constitutional rights. It is brought pursuant to 42 U.S.C. § 1983. Further, the complaint alleges a state law claim of intentional infliction of emotional distress. The defendants, William B. Perry and the Town of Southington now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss that portion of the complaint that alleges all due process claims, freedom of association, marital and family privacy claims, Fourth and Ninth Amendment claims, and an equal protection violation based upon an interracial marriage for failure to state a claim upon which relief can be granted. Further, the defendants move to dismiss the complaint's state law intentional infliction of emotional distress claim for failure to meet the extreme and outrageous standard necessary to such a claim. The issues presented are: 1) whether the complaint states a cause of action based upon violations of procedural due process; 2) whether the complaint states a cause of action based upon violations of substantive due process; 3) whether the complaint states a cause of action based upon violations of constitutional precepts concerning freedom of association, and marital and family privacy; 4) whether the complaint states a cause of action based upon violations of the Fourth Amendment; 5) whether the complaint states a cause of action based upon violations of the Ninth Amendment; 6) whether the complaint states a cause of action based upon violations of the Equal Protection Clause concerning an interracial marriage; 7) whether the complaint states a cause of action based upon intentional infliction of emotional distress under state law. The court concludes: 1) the complaint fails to articulate a constitutionally protected interest necessary in order to make out a procedural due process claim; 2) the complaint fails to set forth a claim that rises to the level of a substantive due process claim; 3) so much of the complaint that is based upon alleged constitutional violations of freedom of association, and marital and family privacy are barred by the statute of limitations; 4) the complaint does not set forth facts which would support a violation of the Fourth Amendment based upon state action; 5) the complaint does not set forth a

violation of the Ninth Amendment; 6) the complaint fails to set forth an equal protection claim based upon the plaintiff's interracial marriage; 7) the complaint fails to set forth the extreme and outrageous conduct necessary to sustain an intentional infliction of emotional distress claim under Connecticut state law. Accordingly, the court grants the motion to dismiss and the supplemental motion to dismiss in their entirety.

## FACTS

The complaint alleges the following: On December 8, 1988, the board of police commissioners appointed the plaintiff, Susan Williams, as a police officer in the Southington police department. At that time, the plaintiff, who is white, was engaged to an African–American police officer working in another town. The couple later married. The complaint further alleges that when the plaintiff joined the department, Perry, then a lieutenant, stated that "the plaintiff never would get anywhere in the department because of her relationship with an African American man."

In July 1991, a formal investigation disclosed that particular officers in the department had referred to the plaintiff as a "nigger lover", in addition to other similar racist comments. Perry refused to take any action to remedy the situation.

In 1992, Perry, while speaking to a department employee, referred to the plaintiff as "bitch."

On January 20, 1993, "the plaintiff was pulled off an extremely sensitive assignment involving a psychiatric commitment of a teenager to be given an assignment babysitting a group of young children because it was considered unfitting to give a babysitting assignment to a male officer."

In May 1995, Perry severely disciplined the plaintiff for affixing her tie in an improper manner. At the same time, Perry failed to discipline a male officer who was wearing no tie at all. The complaint further alleges that Perry failed or refused to assign work to the plaintiff when she was the most available person. Further, that Perry held the plaintiff to higher performance and conduct standards than her male counterparts. Finally, the complaint alleges that Perry more harshly disciplined the plaintiff in comparison to male officers, and that he failed to provide her the same training, counselling and supervision as was available to male officers in the department. On June 28, 1995, the plaintiff filed the within action.

## STANDARD

A motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "merely ... assess[es] the legal feasibility of the complaint, [it does] not ... assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). In deciding a motion to dismiss "the court 'must accept the material facts alleged in the complaint as true,'" *Staron v. McDonald's Corp., et al.,* 51 F.3d 353, 355 (2d Cir.1995) (citing *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994)), and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must determine whether the plaintiff has stated a claim upon which relief may be granted. *Fischman v. Blue Cross & Blue Shield,* 755 F.Supp. 528 (D.Conn.1990). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991).

## DISCUSSION

■ The defendants first claim that any injuries alleged in the complaint that take place prior to June 28, 1992, three years prior to the date of the filing of the complaint, are barred by the three-year statute of limitations applicable to § 1983 actions. Therefore, any consideration of the 1988 and 1991 incidents described in the complaint is barred by the statute of limitations.

In response, the plaintiff concedes that the applicable statute of limitations is indeed three years from the day that the injury occurred. However, the plaintiff responds that these incidents along with other factual allegations merely constitute examples to show "state of mind and intent in carrying out the actions against the plaintiff", as well as to show a "continuing pattern and practice of discrimination." Since these allegations are not intended to represent individual causes of action the statute of limitations is not an issue.

■ In *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir.1994), the court concluded that Connecticut General Statutes § 52–577 which sets forth a three-year statute of limitations period for general tort actions is applicable to § 1983 causes of action unless the particular tort claim is specifically covered by a different limitations provision. The limitation period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

The court concludes that any facts alleged in the complaint that occurred prior to June 28, 1992, three years prior to the date of the filing of the complaint, are barred by the statute of limitations. This being the case, no further discussion of the 1988 and 1991 incidents is necessary.

## 1. *Procedural Due Process Claim*

■ The defendants next claim that the complaint fails to state a procedural due process claim based upon either deprivation of a "property interest" or deprivation of a "liberty interest." Specifically, the defendants argue that the complaint does not allege that the plaintiff was deprived of a constitutionally protected property interest. Further, the complaint does not allege that the plaintiff was discharged from employment in the face of defamatory remarks directed toward her, thus depriving the plaintiff of any liberty interest.

The plaintiff does not respond to this argument.

### a. *Property Interest*

■ In *Local 342, Pub. Serv. Employees v. Town Board of the Town of Huntington*, 31 F.3d 1191, 1194 (2d Cir.1994) (citing *Mehta v. Surles*, 905 F.2d 595, 598 (2d Cir.1990) (per curiam)), the court concluded that "[i]n order to sustain an action for deprivation of property without due process of law, a plaintiff must 'first identify a property right, second show that the state has deprived him of *that* right, and third show that the deprivation was effected without due process.'" "'[P]roperty' within the sense of the [Fourteenth] amendment should [not] be extended to the purely dignitary or otherwise nonpecuniary dimensions of employment." *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir.1993) (citing *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370–71 (3d Cir.1993)). It is clear that "[i]n the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship *without cause.*" *S & D Maintenance Co., Inc. v. Goldin*, 844 F.2d 962, 967 (2d Cir.1988). The initial inquiry therefore "requires that we determine whether [the plaintiff] has a contractual right [or a statutory right] giving rise to a 'legitimate claim of entitlement' and thus a constitutionally protected property interest ..." *S & D Maintenance Co., Inc.*, 844 F.2d at 966.

■ In the present case, the court concludes that the complaint does not allege that the plaintiff was discharged from employment at all. In fact the plaintiff remains a police officer with the Southington police department. Removal from various work assignments, lack of work assignments, requiring higher standards of performance and conduct, harsher forms of discipline, all fail to demonstrate deprivation of a pecuniary property interest.

### b. *Liberty Interest*

■ According to the United States Supreme Court, "injury to reputation by itself [is] not a 'liberty' interest protected under the Fourteenth Amendment ... Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional depri-

vation." *Siegert v. Gilley,* 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991). The stigma caused by defamation to one's "reputation alone, apart from some more tangible interests, such as employment, is [n]either 'liberty' [n]or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405 (1976). "Thus, it [is] not thought sufficient to establish a claim under § 1983 and the Fourteenth Amendment that there simply be defamation by a state official; the defamation ha[s] to occur in the course of the termination of employment." *Paul,* 424 U.S. at 710, 96 S.Ct. at 1165.

Since there has been no termination of employment here, defamatory remarks by themselves are insufficient to implicate deprivation of any liberty rights under the Due Process Clause.

### 2. *Substantive Due Process Claim*

■ The defendants next claim that the complaint fails to state a substantive due process claim because it does not allege that Perry purposely acted to interfere with the plaintiff's marriage, nor does the complaint allege that the defendants took any other action that would rise to the level of a substantive due process violation.

The plaintiff does not respond to this argument.

■ The "[Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,'..." *Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 126, 112 S.Ct. 1061, 1069, 117 L.Ed.2d 261 (1992). "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation and the right to bodily integrity." *Albright v. Oliver,* 510 U.S. 266, 272, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994). "Where the alleged right ... cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental, notions of substantive due process will not apply." (internal quotation marks omitted) *Local 342, Pub. Serv. Employees v. Town Board of the Town*

*of Huntington,* 31 F.3d at 1196 (2d Cir.1994) (citing *Reno v. Flores,* 507 U.S. 292, 301–03, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993)). Further, the due process clause does not "guarantee against incorrect or ill-advised personnel decisions." *Collins,* 503 U.S. at 129, 112 S.Ct. at 1070.

■ In the present case, the complaint fails to set forth any facts which would demonstrate Perry's intentional interference with the plaintiff's marriage, or the commitment of any other acts which would rise to the level of a substantive due process violation. Derogatory remarks, reassignments, lack of assignments, higher standards of performance and conduct, and harsher discipline all fail to rise to the level of the delict necessary to set forth a substantive due process claim.

### 3. *Freedom of Association, Marital and Family Privacy Claim*

The defendants next claim that the complaint fails to state a freedom of association, marital or family privacy claim because there have been no allegations that the defendants individually or in concert, purposely acted in any direct manner to interfere with the plaintiff's marriage.

In response, the plaintiff states that since freedom of association, marital and family privacy issues are protected by the First Amendment, "then **any** punitive employment action based upon the exercise of that right is unconstitutional." Therefore, "reassignment, harassment, disparate job conditions, and disciplinary actions in public employment based upon the exercise of a First Amendment right are actionable as such under § 1983." The plaintiff also responds that the protection afforded marital relationships derives from the First, Fourth, Ninth and Fourteenth Amendments. The plaintiff further responds that, "it was the very fountainhead of our current understanding of the constitutional right to marital privacy, *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), in which the concept of penumbral rights arising out of the interaction of the First, Fourth, Ninth and Fourteenth Amendments originated."

The U.S. Constitution protects the right of "freedom of association" concerning relationships. *Roberts v. United States Jaycees,* 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). In order to set forth a claim concerning an interference with the right of freedom of association, there must be allegations accompanied by proof that the actor in question deliberately acted to interfere with a relationship. *Griffin v. Strong,* 983 F.2d 1544 (10th Cir.1993); *Sollars v. City of Albuquerque,* 794 F.Supp. 360 (D.N.M.1992).

Since the court concludes that the only allegations which relate to this claim are barred by the statute of limitations, no further discussion of this claim is in order.

### 4. *Fourth Amendment Claim*

The defendants next claim that the complaint fails to state a Fourth Amendment claim because there are no allegations that the plaintiff or her property have been the target of a search or seizure.[1]

The plaintiff does not respond to this argument.

"To determine whether a pleading states a fourth amendment cause of action, courts apply a two-stage analysis ..." *Brower v. Inyo County,* 817 F.2d 540, 546 (9th Cir. 1987) (reversed on other grounds) (citing *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). "First, the court must determine whether there was a 'seizure' in the fourth amendment sense. Second, the court must determine whether that 'seizure' was accomplished in an unreasonably dangerous or inappropriate manner." *Brower,* 817 F.2d at 546 (citing *Galas v. McKee,* 801 F.2d 200, 202 (6th Cir.1986); *Robins v. Harum,* 773 F.2d 1004, 1009–10 (9th Cir.1985)).

Since the complaint fails to set forth any facts whatever which would indicate that a seizure of the plaintiff or her property has taken place, it fails to state a Fourth Amendment claim upon which relief can be granted.

### 5. *Ninth Amendment Claim*

The defendants next claim that the complaint fails to state a Ninth Amendment claim because the Ninth Amendment does not automatically take any purported unenumerated right and raise it to a constitutional level.[2]

In response, the plaintiff states that the First, Fourth, Ninth, and Fourteenth Amendments interact resulting in a penumbra of rights which causes marriages to be constitutionally protected.

In *Griswold v. Connecticut,* 381 U.S. 479, 492, 85 S.Ct. 1678, 1686, 14 L.Ed.2d 510 (1965), the court concluded that "the Ninth Amendment shows a belief of the Constitution's authors that fundamental rights exist that are not expressly enumerated in the first eight amendments and an intent that the list of rights included there not be deemed exhaustive." However, "[t]he Ninth Amendment is recognized as a rule of construction, not one that protects any specific right. (citation omitted). No independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action." *Rini v. Zwirn,* 886 F.Supp. 270 (E.D.N.Y. 1995).

The court concludes that a § 1983 claim based upon rights derived from the Ninth Amendment in and of itself, fails to state a claim upon which relief can be granted.

### 6. *Equal Protection Claim*

Since the only factual allegations which relate to this claim at all, concern an interracial marriage whose predicates are barred by the statute of limitations, no further discussion of this issue is necessary.

---

1. The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

2. The Ninth Amendment states that "[t]he enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."

### 7. Intentional Infliction of Emotional Distress Under Connecticut State Law

 The defendants final claim is that the complaint fails to state a claim for intentional infliction of emotional distress because Perry's alleged conduct fails to meet the "extreme and outrageous" standard necessary to assert such a claim.

The plaintiff responds that the complaint alleges conduct which does meet the "extreme and outrageous" standard necessary to assert an intentional infliction of emotional distress claim.

In *Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337, 1342 (1986), the court held that to establish a claim for intentional infliction of emotional distress, "[i]t must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." The determination as to whether the defendants' conduct meets the "extreme and outrageous" standard requires the plaintiff to show the defendants' conduct exceeded "all bounds usually tolerated by decent society, or a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Petyan,* 200 Conn. at 254, n. 5, 510 A.2d 1337. The court determines whether the possibility of a finding of extreme and outrageous conduct exists before submitting the issue to the jury. *Ziobro v. Connecticut Institute for the Blind,* 818 F.Supp. 497, 502 (D.Conn.1993); *Kintner v. Nidec–Torin Corp.,* 662 F.Supp. 112, 114 (D.Conn.1987).

The court concludes that the complaint does not allege facts that rise to the level of the "extreme and outrageous" conduct necessary to such a claim. The complaint fails to allege any conduct by the defendant that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ziobro,* 818 F.Supp. at 502 (quoting *Restatement (Second) of Torts,* § 46, comment (d) (1965)).

### Conclusion

For the foregoing reasons, the court grants the motion to dismiss and the supplemental motion to dismiss in their entirety (Document Nos. 9 and 17).