Carla LUCERO, a minor Through her next friend Mary Alice CHAVEZ, and Mary Alice Chavez, for herself and as personal representative of the Estate of Carlos Lucero, Deceased, Plaintiffs,

v.

CITY OF ALBUQUERQUE, Bob Stover, Kenny Salazar and Richard Rohlfs, Defendants.

No. CIV 91–106 JC/RWM.

United States District Court, D. New Mexico.

Jan. 6, 1992.

Ray Twohig, Albuquerque, N.M., for Charles and Russell Lucero.

Earl Mettler, Mettler & Lecuyer, P.C., Albuquerque, N.M., for plaintiffs.

David S. Campbell, City Atty., John E. DuBois, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION AND ORDER

CONWAY, District Judge.

THIS MATTER comes on for consideration of the motion to intervene filed by Russell and Charles Lucero on October 25, 1991. The Court, having reviewed the memoranda of the parties, and being otherwise fully advised in the premises, finds that the motion is not well-taken and will be denied.

On August 30, 1990, Officers Kenny Salazar and Richard Rohlfs of the Albuquerque Police Department responded to a call from plaintiff Mary Alice Chavez regarding a domestic disturbance at the residence she shared with the decedent, Carlos Lucero. According to the complaint, whatever dispute had prompted Ms. Chavez' initial call had been resolved by the time the officers arrived at the Lucero residence. Nevertheless, the officers entered the house, where they found Carlos Lucero holding a knife and fork, preparing to eat a meal. The officers and Carlos Lucero engaged in a verbal exchange. Carla Lucero entered the house and room, apparently intending to assist in resolving the dispute between her father and the officers. Shortly thereafter one of the officers shot and killed Carlos Lucero. During the investigation following the shooting, Carla Lucero was forcibly placed into a police cruiser, where she was detained for nearly an hour.

These unfortunate events form the basis of the underlying lawsuit brought by Carla Lucero, through her mother Mary Alice Chavez (as next friend), and by Mary Alice Chavez, on behalf of herself and Mr. Lucero's estate.

Now before the Court is a motion to intervene filed by Charles Lucero and Russell Lucero, the natural sons of Carlos

Lucero (hereafter "the Lucero Sons"). The Lucero Sons seek intervention as of right, under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, alternatively, permissive intervention, under Rule 24(b) of the Federal Rules of Civil Procedure.

■■■ "Intervention ... presupposes that the applicant has a right to maintain a claim for the relief sought." *Solien on behalf of NLRB v. Miscellaneous Drivers & Helpers Union, Local No. 610*, 440 F.2d 124, 132 (8th Cir.), *cert. denied, Sears, Roebuck & Co. v. Solien*, 403 U.S. 905, 91 S.Ct. 2206, 29 L.Ed.2d 680 (1971). The first step in determining whether to permit intervention is to establish the validity of the proposed intervenor's claims.[1] Obviously, if the proposed complaint-in-intervention does not state a valid claim for relief, the motion must be denied. *See Diehl v. United States*, 438 F.2d 705, 711 (5th Cir.), *cert. denied*, 404 U.S. 830, 92 S.Ct. 67, 30 L.Ed.2d 59 (1971); *Braniff Airways, Inc. v. Curtiss–Wright Corp.*, 411 F.2d 451, 455 (2d Cir.), *cert. denied*, 396 U.S. 959, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969); *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 481, 485 (S.D.N.Y.1973); 7C Wright, Miller, and Kane, *supra* n. 1, at § 1914 (1986).

The Lucero Sons set forth three alternative claims for relief in their proposed complaint: one federal claim and two claims based on state law. First, they allege that the officers' actions deprived them of their rights to association and liberty, as guaranteed to them by the First and Fourteenth Amendments to the United States Constitution. Second, the Lucero Sons contend that the actions deprived them of "their rights of enjoying life and seeking and obtaining happiness as guaranteed by Article II, Section 4 of the New Mexico Constitution." Finally, they contend that the officers' actions deprived them of their rights to association as guaranteed by Article II, Section 17 of the New Mexico Constitution.

■■■ Although the would-be intervenors set forth two separate federal claims, in reality they bring only a single federal claim for an alleged violation of their right of familial association under the Fourteenth Amendment. *See Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1188 n. 4 (10th Cir.1985).[2] "[A]n allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." *id.* at 1190. The City of Albuquerque vigorously contends that the Lucero Sons have failed to satisfy this requirement.[3]

In their proposed complaint, the Lucero Sons state that "[i]n their unjustified killing of Mr. Lucero, Defendants intentionally deprived Plaintiffs-in-intervention of their relationship with their father, decedent Carlos Lucero, violating their rights" of

---

**1.** The parties do not directly brief this issue. Rather, the defendants in the underlying suit argue that the would-be intervenors do not have a "legal interest" sufficient to warrant intervention because the proposed complaint does not state a valid claim for relief, essentially collapsing the two inquiries into one. This Court prefers not to blur these two distinct analyses. As commentators have noted, the nature of the "interest" required to satisfy Rule 24(a)(2) is ill-defined and may be little more than de minimis. Thus, that interest is not necessarily coincident with the ability to state a valid claim for relief. It is certainly possible that one might have an "interest" in the property or transaction underlying a lawsuit, but may nevertheless be unable to state a valid claim for relief. *See* Charles A. Wright, Arthur R. Miller & Mary K. Kane, 7C *Federal Practice and Procedure* § 1908 (1986).

**2.** The *Trujillo* plaintiffs (the mother and daughter of the victim) alleged that the death of Richard Trujillo while he was incarcerated deprived them of their rights of association under the First and Fourteenth Amendments. The Tenth Circuit specifically noted that "[a]lthough this allegation appears to refer to the First Amendment as incorporated to the states through the Fourteenth Amendment, ... [w]e read the Trujillo allegation of a familial association as an assertion of the liberty interest discussed in *Roberts v. United States Jaycees*," 468 U.S. 609, 618–622, 104 S.Ct. 3244, 3249–3252, 82 L.Ed.2d 462 (1984).

**3.** As noted above, the City makes this argument in the context of an attack on the Lucero Sons lack of "interest" in the pending lawsuit, as that term is used in Rule 24(a)(2); nevertheless, if the city is correct, the Lucero Sons have failed to state a valid claim for relief, regardless of whether or not they satisfy the "interest" requirement.

association and liberty under the First and Fourteenth Amendments.[4] The Lucero sons contend that these assertions satisfy *Trujillo*. Allegations which are merely conclusory, however, will not alone satisfy the pleading requirements. A complaint must contain specific factual allegations which would support an inference of the required intent. *See Bryson v. Edmond*, 905 F.2d 1386, 1391 (10th Cir.1990).[5] In the pleadings filed with the motion the Lucero sons argue that:

> In this motion to intervene, Plaintiffs-in-Intervention specifically plead that their own rights were violated by the defendants' acts, and that defendants' acts were directed intentionally at them as well as at the deceased. The officers at the scene saw one of Carlos Lucero's children. Given the obvious age of Mr. Lucero and the length of time the officers took before they killed him, it was obvious to the officers that Mr. Lucero had children in unknown numbers whom the officers knew would each suffer destruction of relationships with their father as a proximate result of the intentional killing of Mr. Lucero. The finality of a deliberate killing carries with it the intention of destroying those relationships which is aimed as directly at each family member as it is at the victim.

Memorandum in Support of Motion to Intervene at 6. The last of these propositions is clearly inconsistent with *Trujillo*, in which the Tenth Circuit specifically stated that the intent to interfere with Richard Trujillo's rights could not be transferred to establish an intent to interfere with the rights of his mother and sister. *See Trujillo v. Board of County Commissioners, supra*, 768 F.2d at 1190. Furthermore, this Court believes that *Trujillo* similarly forecloses an attempt to transfer the intent

to interfere with one child's familial relationship to another child. The *Trujillo* court emphasized that the required intent was an intent to interfere with a *"particular"* relationship, rather than an intent to interfere with familial relationships generally. *See id.* (emphasis added). Thus, even if the proposed complaint sets forth facts which would support an inference that the officers intended to interfere with Carla Lucero's relationship with her father, this intent cannot be transferred to the Lucero Sons.

Like the plaintiffs in *Bryson*, the Lucero Sons cannot state a claim for relief for deprivation of the right of familial association under the Fourteenth Amendment. The proposed complaint contains only conclusory allegations that the officers intended to deprive the Lucero Sons of their rights. The would-be intervenors have plead no facts that support an inference of the required intent; indeed, just as in *Bryson*, the conclusory allegation is itself at odds with the facts set forth in the proposed complaint. There is no allegation that the defendants even knew of the existence of the Lucero sons, much less that they acted in any way suggesting that they had formed the intent to interfere with the would-be intervenors' constitutional rights.

▬ Assuming for the purposes of this motion that the Lucero Sons state a valid state law claim for relief, this Court has little difficulty determining that the would-be intervenors are not entitled to intervention as of right under Rule 24(a)(2). A party will be entitled to intervention as of right under Rule 24(a)(2) if it 1) files a timely application; 2) has an interest relating to the property or transaction which is the subject of the underlying action; 3) is so situated that disposition of the action

---

**4.** As noted above, this Court reads *Trujillo* as establishing that only the Fourteenth Amendment protects the right to the familial relationship.

**5.** In *Bryson*, relatives of postal workers killed by a gunman who took the victims hostage at the local post office alleged that the city and its police officers had depr.ved ...em of their associational rights under the 14th Amendment. The Court noted that the complaint contained

conclusory allegations of the requisite intent, but no specific factual allegations which would support an inference of intent. The Court concluded that, "the conclusory language referred to is so at variance with specifically pleaded facts as to constitute no more than unwarranted inferences drawn from those facts or footless conclusion of law predicated upon them." *Id.* at 1391–92.

may as a practical matter impair its ability to protect that interest; and 4) demonstrates that its interest is not adequately represented by an existing party. *See* Fed. R.Civ.P. 24(a)(2). Assuming that the Lucero Sons can satisfy the first, second and fourth of these requirements, the Court believes that they have failed to demonstrate that they are so situated that disposition of the pending action may impair their ability to protect their interests.

The would-be intervenors claim that they might be subject to the various preclusion doctrines because of their relationship to the personal representative. The Lucero Sons make no effort to support this contention, however, or to articulate the nature of this relationship and its applicability to preclusion doctrines. Nothing before the Court indicates that the Lucero Sons are in any way related to Mary Alice Chavez. Furthermore, as the would-be intervenors reiterate throughout their pleadings, the proposed complaint does not rely derivatively on the rights of the deceased, but rather seeks to vindicate the Lucero sons' individual rights. Nothing that happens in the action now before this Court will impair, either legally or practically, the Lucero Sons' interest in vindicating their own rights or their ability to do so in a separate lawsuit. Given similar circumstances, other courts have refused to permit intervention as of right. *See TPI Corp. v. Merchandise Mart of South Carolina, Inc.,* 61 F.R.D. 684, 689 (D.S.C.1974); and *Utah v. American Pipe & Constr. Co.,* 50 F.R.D. 99, 102 (C.D.Cal.1970). Therefore, the Court will deny the motion to intervene as of right under Rule 24(a)(2).

■ The Lucero Sons also seek permissive intervention under Rule 24(b). Jurisdictional considerations bar such relief in this case. Although the Court can and often will exercise ancillary jurisdiction over state law claims raised by those entitled to intervention as of right, parties seeking permissive intervention are entitled to such relief only when they establish an independent basis for jurisdiction. *See Harris v. Amoco Production Co.,* 768 F.2d 669, 675 (5th Cir.1985), *cert. denied,* 475

U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986); *American National Bank & Trust Co. v. Bailey,* 750 F.2d 577, 583 (7th Cir. 1984), *cert. denied,* 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985); and *Moosehead Sanitary Dist. v. S.G. Phillips Corp.,* 610 F.2d 49, 52 (1st Cir.1979). As discussed above, the proposed complaint fails to state a valid claim for relief under federal law. Jurisdiction over the remaining state law claims was to be based on the doctrine of pendent jurisdiction. While pendent jurisdiction over the state law claims would have been appropriate had the Lucero Sons been granted intervention based on the existence of a federal claim, this Court may not grant permissive intervention based solely on the state law claims. Therefore, the Motion to Intervene will be denied.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that the Motion to Intervene be, and hereby is, denied.