983 F.2d 1544
 Dorothy GRIFFIN, individually, Plaintiff-Appellee,
and
Steven L. Griffin, individually; Steven L. Griffin and
Dorothy Griffin, as next friends for Angie
Griffin, a minor, Plaintiffs,
v.
James R. STRONG, Defendant-Appellant,
and
Dennis Gale; John Does I-V, individually and in their
official capacities, Defendants.
 Nos. 91-4056, & 91-4070.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 27, 1993.
 
 Steve Russell, Kathryn Collard, of Collard & Russell, Salt Lake City, UT, for plaintiff-appellee.
 David E. Yocom, Salt Lake County Atty., Patricia J. Marlowe, Deputy County Atty., Salt Lake City, UT, for defendant-appellant.
 Before EBEL, BARRETT, Circuit Judges, and KANE,** District Judge.
 EBEL, Circuit Judge.
 
 
 1
 Defendant James R. Strong appeals from a jury verdict against him for violation of the familial association rights of plaintiff Dorothy Griffin.[1] Plaintiffs Steven, Dorothy, and Angie Griffin brought a civil rights suit under 42 U.S.C. § 1983[2] against Strong, a police officer, and codefendant Gale, a social worker, alleging deprivations of various constitutional rights, and seeking damages, including punitive damages, arising out of the investigation and arrest of Steven Griffin on charges of rape and sexual abuse of a child. The underlying facts and early procedural history of this case are discussed in some detail in the district court's order granting in part plaintiffs' motion for partial summary judgment against Strong, Griffin v. Strong, 739 F.Supp. 1496, 1497-99 (D.Utah 1990), and thus the factual discussion here will be abbreviated.
 
 
 2
 * Following the district court's summary judgment ruling, the remaining claims were tried to a jury. Strong's motion, after the close of evidence, for a directed verdict on plaintiffs' familial association rights claims was denied. The jury returned several special verdicts. One found Gale not liable for any of plaintiffs' claims. Another found Strong had violated the familial association rights of Dorothy Griffin but not those of Steven or Angie Griffin. That same special verdict then awarded damages to each of the Griffins on their familial association rights claims. The remaining special verdicts dealt with claims not before us on appeal. Strong's motion for judgment notwithstanding the verdict or for a new trial was denied.
 
 
 3
 Based on the inconsistency between the jury's findings of no culpable conduct and its damage awards on the familial association rights claims of Steven and Angie Griffin, the district court declared a mistrial on those claims. Strong sought and obtained certification under Fed.R.Civ.P. 54(b) as to the jury's verdict and damage award against him on Dorothy Griffin's familial association rights claim, and now appeals.[3]
 
 II
 
 4
 On appeal, Strong contends the jury's verdict is not supported by substantial evidence, the jury improperly held Strong liable for defendant Gale's conduct, and the district court's denials of Strong's pre- and post-trial motions were error. When we review the adequacy of a jury's verdict, we are limited to a determination whether the record contains substantial evidence in support of the jury's decision. See Comcoa, Inc. v. NEC Tels., Inc., 931 F.2d 655, 663 (10th Cir.1991). Our review of the district court's rulings on Strong's motions for directed verdict and judgment notwithstanding the verdict, however, is de novo, applying the same standard used by the district court. See First Sec. Bank v. Taylor, 964 F.2d 1053, 1055 (10th Cir.1992); Goodwin v. Enserch Corp., 949 F.2d 1098, 1100 (10th Cir.1991). That is, " 'we may find error [in the denial of such a motion] only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party [opposing the motion]; we must construe the evidence and inferences most favorably to the nonmoving party.' " Ralston Dev. Corp. v. United States, 937 F.2d 510, 512 (10th Cir.1991) (quoting Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988)). Finally, we review the district court's denial of Strong's motion for new trial for an abuse of discretion. See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1519 (10th Cir.1990). Our jurisdiction arises from 28 U.S.C. § 1291; we reverse.
 
 III
 
 5
 To evaluate Strong's challenges, we first examine the nature of the right of familial association. See Kitchens v. Bryan County Nat'l Bank, 825 F.2d 248, 251 (10th Cir.1987). This court first recognized the right in Trujillo v. Board of County Commissioners, 768 F.2d 1186, 1188-89 (10th Cir.1985). We noted there the Supreme Court's enunciation of two types of associational rights in Roberts v. United States Jaycees, 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984): freedom of expressive association, based on the first amendment, and freedom of intimate association, which the Supreme Court characterized as " 'an intrinsic element of personal liberty.' " Trujillo, 768 F.2d at 1188 (quoting Roberts, 468 U.S. at 620, 104 S.Ct. at 3251). While we did not identify the constitutional source of the freedom of intimate association in Trujillo, we relied on first amendment cases involving the freedom of expressive association as "the most appropriate analogy" in our holding that intent is an essential element of a § 1983 claim alleging deprivation of the right of familial association. Id. at 1189-90; accord Archuleta v. McShan, 897 F.2d 495, 499 n. 7 (10th Cir.1990); see also Rucker v. Harford County, Md., 946 F.2d 278, 282 (4th Cir.1991) (stating that Trujillo based familial association rights on the first amendment), cert. denied, --- U.S. ----, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992). But see Mayo v. Lane, 867 F.2d 374, 375 (7th Cir.1989) (citing Trujillo for the proposition that the right of familial association is based on the fourteenth amendment); Franz v. Lytle, 791 F.Supp. 827, 833 (D.Kan.1992) (plaintiffs relied on Trujillo for familial right of association claim under fourteenth amendment); Lucero ex rel. Chavez v. City of Albuquerque, 140 F.R.D. 455, 458 n. 4 (D.N.M.1992) (same).
 
 
 6
 We believe the familial right of association is properly based on the "concept of liberty in the Fourteenth Amendment." Mayo, 867 F.2d at 375; see Kraft v. Jacka, 872 F.2d 862, 871 (9th Cir.1989) (basing protection of intimate associational rights on the fourteenth amendment); IDK, Inc. v. Clark County, 836 F.2d 1185, 1192 (9th Cir.1988) (same); cf. Swank v. Smart, 898 F.2d 1247, 1252 (7th Cir.) (stating intimate associational rights not protected by the first amendment), cert. denied, 498 U.S. 853, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990).
 
 
 7
 The Fourteenth Amendment embodies three different protections: (1) a procedural due process protection requiring the state to provide individuals with some type of process before depriving them of their life, liberty, or property; (2) a substantive due process protection, which protects individuals from arbitrary acts that deprive them of life, liberty, or property; and (3) an incorporation of specific protections afforded by the Bill of Rights against the states.
 
 
 8
 Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992). The freedom of intimate association is a substantive due process right, as is its subset, the familial right of association. Shondel v. McDermott, 775 F.2d 859, 865-66 (7th Cir.1985); see Archuleta, 897 F.2d at 499 n. 7 (contrasting procedural due process right at issue in that case). This substantive right is consonant with the right of privacy. See Fleisher v. City of Signal Hill, 829 F.2d 1491, 1499 (9th Cir.1987) (stating freedom of intimate association "substantially overlaps" right of privacy), cert. denied, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988); Arnold v. Board of Educ., 880 F.2d 305, 312 (11th Cir.1989) (characterizing right as "familial right to privacy"); see also Hodgson v. Minnesota, 497 U.S. 417, 446, 110 S.Ct. 2926, 2943, 111 L.Ed.2d 344 (1990) (family has a privacy interest in "intimacies of the marital relationship").
 
 IV
 
 9
 In classic fourteenth amendment liberty analysis, a determination that a party's constitutional rights have been violated requires "a balancing [of] liberty interests against the relevant state interests." Youngberg v. Romeo, 457 U.S. 307, 321, 102 S.Ct. 2452, 2461, 73 L.Ed.2d 28 (1982). This balancing of interests has been applied in cases involving intimate association rights. See Winston ex rel. Winston v. Children & Youth Servs., 948 F.2d 1380, 1391 (3d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2303, 119 L.Ed.2d 225 (1992); Arnold, 880 F.2d at 313; Franz, 791 F.Supp. at 833; Aristotle P. v. Johnson, 721 F.Supp. 1002, 1010 (N.D.Ill.1989); Whitcomb v. Jefferson County Dep't of Social Servs., 685 F.Supp. 745, 747 (D.Colo.1987). To determine whether a person's familial association rights have been violated in this factual setting, we must weigh two factors: the state's interests in investigating reports of child abuse, which is the interest served by Strong's conduct in investigating the claims against Steven Griffin, and Dorothy Griffin's interests in her familial right of association. Initially, we examine these factors objectively, that is, outside of the facts or subjective positions of the parties. Nonetheless, we do not evaluate constitutional rights in a vacuum. Ultimately, we must examine the parties' interests in light of the facts of this particular case. See Hewitt v. City of Truth or Consequences, 758 F.2d 1375, 1379 (10th Cir.), cert. denied, 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985). We weigh these interests to determine whether Strong's conduct in this case constituted an undue burden on Dorothy Griffin's associational rights. See Hodgson, 497 U.S. at 446, 110 S.Ct. at 2943 (familial privacy interests protected against undue state interference); Roberts, 468 U.S. at 617-18, 104 S.Ct. at 3249 ("choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State"); Arnold, 880 F.2d at 312 (right protected against "unjustified interference" from the government). See also Planned Parenthood v. Casey, U.S. ----, ----, 112 S.Ct. 2791, 2820, 120 L.Ed.2d 674 (1992) (applying "undue burden" standard to substantive due process abortion right).
 
 
 10
 First, we look to the state's generalized interests in investigating cases of alleged child abuse. These interests are important. Cf. State v. Jordan, 665 P.2d 1280, 1285 (Utah) (state has compelling interest in protecting children from physical and psychological impairment resulting from sexual exploitation), appeal dismissed, 464 U.S. 910, 104 S.Ct. 266, 78 L.Ed.2d 249 (1983). Crimes of this sort are generally covert in nature, and are considered very serious, based on society's views of morality. The state has a "traditional and 'transcendent interest' " in protecting children from abuse and from situations where abuse might occur. Maryland v. Craig, 497 U.S. 836, 855, 110 S.Ct. 3157, 3168, 111 L.Ed.2d 666 (1990) (quoting Ginsberg v. New York, 390 U.S. 629, 640, 88 S.Ct. 1274, 1281, 20 L.Ed.2d 195 (1968)); accord New York v. Ferber, 458 U.S. 747, 757, 102 S.Ct. 3348, 3355, 73 L.Ed.2d 1113 (1982) ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance."). Investigating these crimes deserves no less attention.
 
 
 11
 Second, we weigh these important state interests against Dorothy Griffin's familial right of association with Steven Griffin.[4] This relationship is the basis for an associational right often recognized by courts. See Morfin v. Albuquerque Pub. Sch., 906 F.2d 1434, 1439 (10th Cir.1990); Mayo v. Lane, 867 F.2d at 375. The right to associate with one's family is a very substantial right. See id. "Family relationships 'by their nature, involve deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctly personal aspects of one's life.' " Arnold, 880 F.2d at 312-13 (quoting Roberts, 468 U.S. at 619-20, 104 S.Ct. at 3250).
 
 V
 
 12
 Finally, we look to the facts surrounding the parties' interests. Not every statement or act that results in an interference with the rights of intimate association is actionable. Rather, to rise to the level of a constitutional claim, the defendant must direct his or her statements or conduct at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship. Trujillo, 768 F.2d at 1190. With that in mind, the following evidence supports Dorothy Griffin's familial rights of association claims.
 
 
 13
 The record supports Dorothy's allegation that Strong told Dorothy, falsely, that Steven had confessed to child abuse, and that he would be provided an attorney when he got to jail. Further, Dorothy testified that Strong questioned her morals when she told him she did not believe that Steven had committed child abuse. Strong interviewed Steven Griffin in jail; during that interview, Steven confessed to abusing several young girls. Steven testified that Strong, after asking if Steven had heard from his wife, said "the reason she feels this way is because you won't confess to what you've done and get the help that you need." After Steven's arrest, Dorothy visited Strong at his office and discussed her plans to move to another state. She testified that Strong told her "to go ahead and start my life over. It was a good idea." She also said that Strong "us[ed] me against Steve" when she tried to explain to Steven during a telephone conversation that she was told to leave him and not help him.
 
 
 14
 We also examine the evidence to determine the severity of the alleged infringement, the need for the defendant's conduct, and any possible alternatives. The evidence in this case gives rise to several considerations. First, both Dorothy and Steven Griffin consensually talked to Strong. Consensual interviews are less likely to infringe on familial relationships because the parties can always decline to talk. Second, there is no evidence or allegation that the conduct going to Dorothy Griffin's familial rights of association claims involved physical coercion or conduct that shocks the conscience. See Pittsley v. Warish, 927 F.2d 3, 9 (1st Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 226, 116 L.Ed.2d 183 (1991). Third, and weighing the other way, Strong apparently lied to Dorothy Griffin by telling her that Steven had confessed to the crimes with which he was being charged.[5]
 
 
 15
 We conclude that, on the balance, the infringement of familial rights of association in this case is slight. The right of intimate association is not absolute. Kraft, 872 F.2d at 872. Viewed in the context of the minimal infringement indicated by the record in this case, Strong's conduct did not unduly interfere with Dorothy Griffin's right of familial association with Steven Griffin. Cf. Pittsley, 927 F.2d at 9 ("[T]he liberty interest protected by the substantive due process clause was [not] intended to protect every conceivable family relationship from governmental interference, no matter how far removed...."); Whitcomb, 685 F.Supp. at 747 (stating that government's interest arising from allegations of child abuse may outweigh familial association rights). We conclude that no reasonable juror, when confronted with balancing the interests on the record before us under the appropriate standard,[6] could determine that Dorothy Griffin's associational rights were unduly violated. We hold that the district court should have granted Strong's motions for directed verdict or judgment notwithstanding the verdict. Accordingly, we reverse the district court's judgment and remand Dorothy Griffin's familial association rights claims against Strong. In light of our conclusion that Dorothy Griffin's rights of familial association were not violated in this case, we need not address Strong's remaining contentions on appeal. The judgment of the United States District Court for the District of Utah is REVERSED, and the case REMANDED. The district court is directed to enter judgment for Strong on plaintiff Dorothy Griffin's claims for violation of her familial rights of association.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 [2]
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia
 42 U.S.C. § 1983.
 
 
 [3]
 Despite Dorothy Griffin's reference to "Appellees" in her briefs, Dorothy Griffin alone has standing to respond to Strong's appeal of a verdict in her favor. Cf. In re Vargas, 723 F.2d 1461, 1464 (10th Cir.1983)
 
 
 [4]
 While we note that Dorothy Griffin's interests in her relationship with her husband may be tempered by her interest in her relationship with her daughter, the record contains no evidence of any interference with her relationship with her daughter, nor has any been alleged or argued
 
 
 [5]
 We do not comment on the propriety of Strong's lying in the course of his investigation of Griffin for child abuse; however, we think it weighs on the side of an infringement of Dorothy Griffin's associational rights. We do note, however, that the lie did not go to the core of the relationship between Dorothy and Steven Griffin. That is, it did not implicate the relationship by impugning Dorothy's conduct or suggesting a conspiracy between them. Nonetheless, we recognize that it could impact the marital relationship
 
 
 [6]
 Here, the district court instructed the jury on this issue in part as follows: "The right to family integrity or association protects family relationships. The interest in protecting the family is counterbalanced by two competing interests, the interest of a child within the family to be free from abuse, and the government's interest in protecting powerless children who may be subject to abuse." Appellant's Brief, Tab D, Instruction 29. We do not disagree with this statement to the jury. However, on the record before him, in applying this balancing test, the judge should have directed a verdict or granted judgment notwithstanding the verdict to Strong