30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William MATTICE, Jr., a minor, by and through his natural
guardian and next friend, William Mattice, Sr.;
William Mattice, Sr., individually,
Plaintiffs-Appellees,
v.
Patric MAYER, in her representative capacity as natural
guardian and next friend of Christy Mayer, a
minor, Defendant-Appellant.
 No. 93-1185.
 United States Court of Appeals, Tenth Circuit.
 July 19, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and BARRETT, Circuit Judges, and O'CONNOR, District Judge.[2]
 
 
 2
 Patrice Mayer, on behalf of her minor daughter, appeals the district court's entry of judgment as a matter of law, Fed.R.Civ.P. 50(a)(1), reversing the jury's verdict in favor of the defendant. We have jurisdiction under 28 U.S.C. 1291.
 
 
 3
 Our review of a grant of judgment as a matter of law is plenary. Griffin v. Strong, 983 F.2d 1544, 1546 (10th Cir.1993). We determine whether the district court correctly found that a reasonable jury could reach only one conclusion, Danner v. International Medical Mktg., Inc., 944 F.2d 791, 793 (10th Cir.1991), by viewing the evidence and all reasonable inferences therefrom in favor of the non-moving party. Knight v. Snap-On Tools Corp., 3 F.3d 1398, 1401 (10th Cir.1993).
 
 
 4
 Briefly, the relevant facts are as follows. Christy Mayer and William Mattice, Jr. attended a ski class in Steamboat Springs, Colorado. The instructor asked Christy to ski downhill and to stop where the rest of the class, including William, was waiting. Christy testified that as she complied, a skier passed very near to her, causing her to make shorter turns to avoid a collision. This caused her to pick up speed, although she successfully completed two turns before sliding into the group, injuring William.
 
 
 5
 The focal point of the relevant Colorado statute, set forth in the jury instructions, is the following:
 
 
 6
 Each skier has the duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects. However, the primary duty shall be on the person skiing downhill to avoid collision with any person or objects below him.
 
 
 7
 Colo.Rev.Stat. 33-44-109(2); Instruction 14, Aplt. Add. at 23. Ms. Mayer challenges the district court's application of this statute to a minor and the court's interpretation of the statute as establishing negligence per se. We do not reach these questions. Instead, we determine that, even assuming the statute applies to minors and its violation constitutes negligence per se, there was sufficient evidence for the jury reasonably to have found that Christy did not violate it.
 
 
 8
 The trial court denied Plaintiff's motion for a directed verdict at the close of all evidence, deeming several questions of fact fit for the jury. Among these questions were whether Christy was negligent and whether the passing skier was the cause of the accident. Tr. 429. The trial court also recognized sufficient contradictory evidence to leave the question of whether Christy was in "control" to the jury. Tr. 447.
 
 
 9
 The trial court instructed the jury not to give one instruction more weight than another. The court then instructed the jury on the Ski Safety Act and that "[a] child of Christy Mayer's age is under a duty to use that degree of care which children of a similar age, experience and intelligence, would ordinarily use under the same or similar circumstances to protect others." Tr. 478. Plaintiffs posed no objection to either instruction. There was repeated testimony that thirteen-year-old Christy did all that was to be expected of a beginning skier at any age. The trial court's initial determinations that these questions are solely for the jury to decide and that the evidence supported more than one conclusion were correct. Consequently, grant of the motion for judgment as a matter of law was erroneous.
 
 
 10
 REVERSED and REMANDED for reinstatement of the jury verdict.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation