UNITED STATES COURT OF APPEALS
**Filed 12/9/96**
FOR THE TENTH CIRCUIT

LINDA A. WATSON,

        Plaintiff-Appellant,

v.

STATE OF UTAH; ROD BETIT, individually and in his official capacity as Executive Director of the Department of Human Services; MARY T. NOOMAN, individually and in her official capacity as Director of Division of Family Services; ANN CHEVES, individually and in her official capacity as a Regional Director of Division of Family Services; KATHY GRUMHAUSER, DICK CALHOUN, CATHERINE HARLIN, ROCHELLE PHILLIPS, MAX PARKS, TANNIE ALKIN, employees of Division of Family Services; CAROL L.C. VERDOIA, LINDA LUENSTRA, RIC ODDONE, and ROBERT S. YEATES, Counsels for State and its Departments and Divisions; and JOHN and MARY DOES 1-10,

        Defendants-Appellees.

No. 95-4191
(D.C. No. 95-CV-700)
(D. Utah)

ORDER AND JUDGMENT[*]

---

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Linda A. Watson appeals from an order of the district court granting defendants' motion to dismiss her complaint. We affirm.

We review the district court's grant of a motion to dismiss de novo. Steele v. United States, 19 F.3d 531, 532 (10th Cir. 1994). Further, because we are reviewing the sufficiency of the complaint, we accept all of Ms. Watson's well-pleaded allegations as true and construe them in the light most favorable to her. McKenzie v. Renberg's Inc., 94 F.3d 1478, 1487 n.9 (10th Cir. 1996).

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

While we review pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), we will uphold the dismissal of a pro se complaint if the facts alleged, even if true, cannot provide a basis for relief, Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir. 1994).

Ms. Watson commenced this action after her parental rights were terminated alleging violations of 42 U.S.C. § 1983; 28 U.S.C. § 1331(a); the Rehabilitation Act, 29 U.S.C. §§ 791, 794; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, 12132; and various state laws. She alleged the termination occurred solely because she had had a sex change operation, was included on the state registry as a substantiated child sex abuser, and because she is blind.

The district court properly dismissed Ms. Watson's claims for damages against the State of Utah and various state employees in their official capacity. The Eleventh Amendment provides the State and its employees absolute immunity from suits for damages by its citizens. See Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988).

Defendants Oddone and Yeates are deputy county attorneys who assisted in the custody deprivation hearings. State prosecutors are entitled to qualified immunity for investigative functions, Buckley v. Fitzsimmons, 509 U.S. 259, 274 (1993), and absolute immunity for activities "intimately associated with the

judicial process," <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).  Ms. Watson

made no specific allegations against these two defendants.  We conclude from

Ms. Watson's complaint that she is asserting claims against these defendants for

actions they took in conjunction with the judicial process of terminating her

parental rights.  The district court correctly held that defendants are immune from

suit.  Further, any claim for injunctive or declaratory relief against these

defendants is moot.  Utah Code Ann. § 78-3a-404 was amended in 1994 to permit

only the attorney general to file a petition for termination of parental rights on

behalf of the Division of Family Services.  These defendants cannot be involved

in initiating any further actions against Ms. Watson on this issue.

Ms. Watson contends defendants violated her First Amendment liberty right

in her reputation.  Injury to one's "reputation alone, apart from some more

tangible interests such as employment," is not subject to the requirements of due

process.  <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976).  To establish a claim of

deprivation of liberty interest in reputation under § 1983, a plaintiff must

establish: (1) defendant's conduct stigmatized or otherwise damaged plaintiff's

reputation, and (2) the reputational damage was entangled with a tangible interest

such as employment.  <u>See</u> <u>Ewers v. Board of County Comm'rs</u>, 802 F.2d 1242,

1247 (10th Cir. 1986), <u>reh'g granted on other grounds by</u>, 813 F.2d 1583 (1987).

Ms. Watson has made no such showing.

Ms. Watson alleges her liberty right to familial association was violated. See Trujillo v. Board of County Comm'rs, 768 F.2d 1186, 1188-89 (10th Cir. 1985). To determine whether a person's familial association rights have been violated, we must balance Ms. Watson's liberty interest against the State's interest in investigating reports of child abuse. Griffin v. Strong, 983 F.2d 1544, 1547 (10th Cir. 1993). We examine these factors objectively in light of the facts of this particular case. Id. While Ms. Watson's right to familial association is very substantial, "[t]he state has a traditional and transcendent interest in protecting children from abuse and from situations where abuse might occur." Id. at 1548 (quotations omitted). Absent any evidence in the record, aside from Ms. Watson's own self-serving remarks that no abuse occurred, we cannot say defendants acted improperly in investigating the reports of abuse and in taking action to prevent harm to the children.

Insofar as Ms. Watson is claiming that defendants failed to follow state procedures in effecting the termination, these claims are not cognizable in § 1983 proceedings. See Gomez v. Toledo, 446 U.S. 635, 640 (1980)(to raise cognizable § 1983 claim, plaintiff must allege he was deprived of a federally protected right by a defendant acting under color of state law).

Ms. Watson appears to assert that the reports and the results of defendants' investigation were erroneous. Ms. Watson should have presented these claims in

state court at the deprivation hearing. We cannot overrule a state court's determination. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482, 484 (1983)(federal review of state court judgments can only be obtained in the United States Supreme Court, even if the plaintiff challenges the constitutionality of the state court's action (citing Doe v. Pringle, 550 F.2d 596, 599 (10th Cir. 1976)).

Ms. Watson alleged the State misuses the state registry of child abusers by listing accused and unsubstantiated abusers on the list without giving them prior notice and a hearing. However, she admits that she is a substantiated abuser. Ms. Watson lacks standing to challenge this use of the registry. At a minimum, standing requires: (1) that the plaintiff suffered an actual injury by the invasion of a legally protected interest; (2) that the injury is fairly traceable to the defendant's actions and not an independent action of some third party not before the court; and (3) that it is likely that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, even if we were to concede that Ms. Watson had met the first two requirements, we could not redress the injury as she is now properly listed on the registry as a substantiated child abuser.

Ms. Watson's argument that the Rehabilitation Act and ADA were violated as her children were removed from her care because she is blind are also without

merit.  The Rehabilitation Act was passed to prevent otherwise qualified handicapped individuals from being excluded from participation in, denied the benefits of, or subjected to discrimination under any program or activity solely by reason of their handicaps.  See 29 U.S.C. § 794(a).  Title II of the ADA requires public entities to provide physical access to programs and services offered as well as to ensure that such services and activities are readily accessible to and usable by qualified individuals with disabilities.  See 42 U.S.C. §§ 12131(1), 12132, 12182.  Ms. Watson was not denied access to any program, service, or facility.

Ms. Watson has failed to state any claim upon which the federal courts may grant relief.  The judgment of the United States District Court for the District of Utah is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge