**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANET DOUGLAS and JANET
DOUGLAS as guardian ad litem for
JESSICA DOUGLAS,

      Petitioners - Appellants,

v.

BEAVER COUNTY SCHOOL
DISTRICT BOARD; RICHARD
DEARMITT, official capacity;
SHANE ERICKSON, official and
individual capacity,

      Respondents - Appellees.

No. 03-4004
(D.C. No. 2:01-CV-816-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY, BRISCOE, LUCERO,**    Circuit Judges.

---

    Janet Douglas, individually and as guardian ad litem for her daughter

Jessica, brings claims against Shane Erickson, the principal of Jessica Douglas'

---

    * The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

school, Richard DeArmitt, the president of the Beaver County School Board, and the Beaver County School District Board under 42 U.S.C. § 1983 for violations of her daughter's constitutional rights under the Fourth and Fourteenth Amendments. Denying the plaintiffs' motion to amend their complaint for a third time, the district court granted the defendants' motion to dismiss the suit; Douglas now appeals. We review the district court's order dismissing the case de novo, and we note that "dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief." Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1473 (10th Cir. 1990) (citation omitted). We review the district court's denial of Douglas' motion to amend for abuse of discretion. Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On March 5, 2001, Beaver County police went to Douglas' home and arrested Mark Russell, who was living there at the time. Pursuant to the police investigation, the officers went to Jessica's school, took Jessica to a private room, and questioned her in Erickson's presence for a short time. Asking a total of eight questions, the officers sought to determine: (1) whether Jessica was aware of any of her family members or Russell using drugs at her house; and (2) whether Russell or her family members had ever abused Jessica.

In an action under 42 U.S.C. § 1983 against Erickson, DeArmitt, and the Beaver County School District Board, Douglas made three distinct claims: First, that the Beaver County School District Board is liable for Erickson's allowance of the allegedly illegal police detention of Jessica; second, that Erickson's acquiescence renders him and DeArmitt liable in their official capacities; and third, that Erickson is liable in his individual capacity for his role in the police interview of Jessica. We address each claim.

Although Utah school districts are not immune from § 1983 suits in federal court, Ambus v. Granite Bd. of Educ., 995 F.2d 992, 997 (10th Cir. 1993), they are liable only if the violation of a plaintiff's federal rights results from an action taken under an official custom or policy. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978); D.T. v. Indep. Sch. Dist. No. 16, 894 F.2d 1176, 1187 (10th Cir. 1990). Neither Douglas' Complaint, the Amended Complaint, nor the Second Amended Complaint alleged that a custom or policy of the Beaver County School District caused the alleged constitutional deprivation. Absent such allegations, no cognizable claim against the school district exists. We therefore affirm the dismissal of Douglas' claims against the Beaver County School District.

Dismissing the claims against Erickson and DeArmitt in their official capacities, the district court concluded that the official-capacity claims were

identical to the claims against the school district and thus superfluous. On appeal, Douglas argues that unlike the suit against the school district, the suit against Erickson and DeArmitt in their official capacities does not require proof of an official custom or policy. The Supreme Court has explained that in an official-capacity suit, however, the real party in interest is not the named official but rather the governmental entity itself. Monell, 436 U.S. at 691. As such, in an official-capacity suit we require "the entity's 'policy or custom' [to have] played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (quoting Monell, 436 U.S. at 694). Thus, Douglas' failure to allege an official custom or policy of the Beaver County School District Board is equally fatal to her claims against Erickson and DeArmitt in their official capacities.

As to the claims against Erickson in his individual capacity, the doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 592 (10th Cir. 1994). Thus, the touchstone of the inquiry is the "'objective reasonableness' of the official's conduct in light of the legal rules that were 'clearly established' at the time the action was taken." Melton v. City

of Okla. City , 879 F.2d 706, 727 (10th Cir. 1989) (quoting      Harlow , 457 U.S. at 818).

Douglas alleges that Erickson's acquiescence in the police interview violated Jessica's clearly established rights under the Fourth and Fourteenth Amendments.  With respect to the Fourth Amendment claim, to overcome qualified immunity and prevail under 42 U.S.C. § 1983, Douglas must demonstrate that Erickson's conduct in acquiescing to the police's brief interview of one of his students violated Jessica's clearly established statutory or constitutional rights, and that a reasonable person would have known of those rights.  Melton , 879 F.2d at 727.  Because we conclude that Erickson's role in the brief police interview of Jessica did not violate clearly established rights of which a reasonable person would have known, we affirm the district court's dismissal of Douglas' Fourth Amendment claim.

Douglas also contends that Erickson violated Jessica's clearly established privacy rights under the Fourteenth Amendment.  Two separate privacy claims are at issue: (1) privacy claims based on the disclosure of personal matters, and (2) claims based on violations of the right to familial association.  To plead a cognizable privacy claim based on the disclosure of personal matters, a plaintiff must demonstrate: (1) the disclosure of personal information in which he or she had a legitimate expectation of privacy, (2) that the disclosure serves no

compelling state interest, and (3) that it was not made in the least intrusive manner. See Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1155 (10th Cir. 2001). Because Douglas has not alleged disclosure of personal matters, we turn to the privacy claims based on violations of the right to familial association.

With respect to such claims, we balance the state's interest in investigation with the plaintiff's interest in the familial right of association to determine whether the state's conduct constitutes an undue burden. Griffin v. Strong, 983 F.2d 1544, 1547 (10th Cir. 1993). Moreover, plaintiff must demonstrate that the state "direct[ed] [its] statements or conduct at the intimate relationship with knowledge that the statement or conduct will adversely affect that relationship." Id., 983 F.2d at 1548. Our balancing of the interests in the instant case leads us to conclude that Erickson's conduct did not result in an undue burden on Douglas' familial association. Moreover, Douglas fails to allege that Erickson directed his conduct at her familial relationship. Therefore, we affirm the district court's dismissal of the privacy claims.

Finally, Douglas contests the district court's denial of her Motion for Leave of Court to File an Amended Complaint; we review the denial for abuse of discretion. Castleglen, Inc., 984 F.2d at 1585. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), district courts may

refuse it "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

Prior to the instant motion, Douglas had already amended the complaint twice; moreover, she brought this motion more than a month after the district court dismissed the case. Finally, the district court noted that even with an amendment, Douglas' underlying constitutional claims were futile. In light of these circumstances, we cannot conclude that the district court's denial of the motion to amend represents an abuse of discretion. Accordingly, we **AFFIRM**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge