**F I L E D**

**UNITED STATES COURT OF APPEALS**

May 18, 2007

**TENTH CIRCUIT**

ESTATE OF GREGORY LOUIS
HERRING, by and through Susan
Fort, Esq.,

      Plaintiff,

GREGORY L. HERRING, JR.,
SUMMER HERRING, and GREGORY
Q. HERRING, minor children, by and
through their Guardian Ad Litem,
Susan Fort, Esq.,

      Plaintiffs-Appellants,

v.

CITY OF COLORADO SPRINGS, a
municipal entity; GARY DARRESS,
RORY CARROLL, and BRENT
AMBUEHL, individually and in their
capacities as Colorado Springs police
officers,

      Defendants-Appellees.

No. 06-1166
(D.C. No. 04-CV-2429-PAC-BNB)
(Colorado)

**ORDER AND JUDGMENT**[*]

---

    [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Three minor children of the late Gregory Herring contend the district court incorrectly rejected their claim for violation of their rights to familial association. We disagree and affirm.

A neighbor of Gregory Herring summoned the police to his apartment complex after witnessing Mr. Herring banging violently on several apartment doors. The neighbor also witnessed Mr. Herring's three children running from their apartment screaming, and Mr. Herring throwing a chair through his apartment window. The Colorado Springs police arrived at the apartment, and a lengthy physical altercation followed. Mr. Herring tragically died as a result. Mr. Herring's minor offspring asserted a claim against the city and individual police officers, alleging deprivation of their constitutional right of familial association.

The district court granted defendants' motion for summary judgment. The court reasoned that plaintiffs failed to show "defendant officers intended to interfere with the children's relationship with Mr. Herring at the time the officers caused his death," aplt. app., vol. II at 339, as required by *Trujillo v. Bd. of County Commr's of Santa Fe*, 768 F.2d 1186, 1190 (10th Cir. 1985). We review the district court's grant of summary judgment *de novo*. *Graves v. Thomas*, 450 F.3d 1215, 1217 (10th Cir. 2006).

On appeal, plaintiffs assert the right of familial association derives from the Fourteenth Amendment and therefore does not require the demonstration of intent on the part of the police officers. They contend the district court should have applied a Fourteenth Amendment balancing test to determine if the familial association claim was meritorious instead of mandating a demonstration of intent. Although plaintiffs correctly assert that the familial right of association is grounded in the Fourteenth Amendment concept of liberty, *see Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993) ("The freedom of intimate association is a substantive due process right, as is its subset, the familial right of association."), we nevertheless require that plaintiffs demonstrate intent on the part of defendants.

In *Trujillo*, 768 F.2d at 1190, we "conclude[d] that an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." In *Griffin*, we cited *Trujillo* for the principle that

> [n]ot every statement or act that *results* in an interference with the rights of intimate association is actionable. Rather, to rise to the level of a constitutional claim, the defendant must *direct* his or her statements or conduct at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship.

*Griffin*, 983 F.2d at 1548 (emphasis in original). Similarly, in *J.B. v. Washington County*, 127 F.3d 919 (10th Cir. 1997), while recognizing the Fourteenth Amendment as the constitutional wellspring of familial association rights, *see id.*

-3-

at 927, we nonetheless continued to require a showing of direction or intent by the person who allegedly interfered with the plaintiff's right to familial association. *Id.* at 927-28. As such, we concluded that because there was "no evidence that the County officials intended or directed their conduct in this matter at the familial relationship [of the plaintiffs] with knowledge that such conduct would adversely affect the relationship as required by this court . . . the County officials' conduct did not impermissibly interfere with plaintiff's right of familial association." *Id.* at 928 (brackets and quotation marks omitted). More recently, in *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003), we rejected the constitutional claims of survivors for failing to demonstrate intent.

Thus, although plaintiffs are correct that this Circuit acknowledges the Fourteenth Amendment roots of their constitutional claim, our subsequent cases clearly preserve direction and intent as a requirement for stating a cause of action for the violation of the constitutional right to familial association. Plaintiffs have not alleged, nor do they attempt to demonstrate, that the officers directed their conduct at plaintiffs' familial association with their father or intended to interfere with it. Because they have not made the requisite showing, the district court correctly granted summary judgment for defendants.

Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge