## CONSTANTINE BAUER
### vs.
## ROBERT LEIBIGER, ET AL.

Superior Court     New Haven County     File #48907

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

Lyman H. Steele,           Attorney for the Plaintiff.

Stephen F. Dunn,
G. C. Conway,          Attorneys for the Defendants.

## MEMORANDUM FILED MARCH 9, 1936.

O'SULLIVAN, J. On August 12th, 1916, Robert Liebiger and his wife, Elizabeth, executed and delivered two mortgages upon their property in the Town of Madison, to secure, by the one, an indebtedness of $2500., and by the other, an indebtedness of $1000. Through various assignments, these

mortgages eventually came into the ownership of Julius Sommer and his four sisters.

On April 19th, 1930, the Leibigers executed and delivered a third mortgage to Bauer, the plaintiff, to secure a debt of $1800. All three mortgages were seasonably recorded. In December, 1931, the Sommers requested payment of their mortgage notes from the Leibigers, who, being without liquid means to meet this demand, sought assistance from a Mrs. Sophie Ruff, an elderly lady not blessed with much intelligence and with less education, but who, through savings from her earnings in domestic work, had acquired over the span of her life a few thousand dollars which were on deposit in a local banking institution. Upon being asked for a loan, Mrs. Ruff sought the advice of Bauer and upon being assured by him of its wisdom and safety, she withdrew $3500. from her savings account and on January 6th, 1932, turned the money over to the Sommers' attorney who thereupon gave to the Leibigers releases of the two mortgages. As a part of the same transaction, the Leibigers executed and delivered to Mrs. Ruff a mortgage to secure the indebtedness of $3500. Mrs. Ruff, as well as the Leibigers, believed she was merely buying the Sommers' mortgages, and that she would be secured by a first lien upon the property and the plaintiff, Bauer, in his conversation with Mrs. Ruff, knew that such was her intention and that his mortgage lien was to remain subsequent to hers.

He now claims that his mortgage of $1800. has priority over that of Mrs. Ruff's and by this action seeks to foreclose her as well as other encumbrancers.

Equity turns over enough pages to find the substance rather than the form of a transaction. Nothing is more effectual in establishing the substance than an ascertainment of the intention of the parties, for that is the controlling consideration. The facts surrounding the events of January 6th, 1932, demonstrate conclusively that neither Mrs. Ruff nor the Leibigers had any intention of releasing the lien of the mortgage owned by the Sommers.

The taking of a new mortgage should be treated as an assignment, if that is the reasonable thing to do, for it is always so treated when that is necessary to do justice. Rossiter vs. Sanaghiaro, 78 N. H. 484.

There having been no intention to release the liens of the Sommers' mortgages their actual release for a momentary period should not in equity permit a subsequent lienor to intervene and acquire a priority. **Lomas and Nettleton vs. Isaacs, 101 Conn. 614.** This plaintiff is not in a position to take advantage of this mistake of Mrs. Ruff and the Leibigers, whether it be considered one of law or a fact. Unless the mistake is rectified, Bauer will obtain an advantage too unconscionable to pass the scrutiny of a court of equity. To adopt any other course would give the plaintiff an inequitable advantage over the person who paid the first and second mortgages. **Elliott vs. Taintor, 88 Minn. 377; Jones on Mortgages, Vol. 1, Sec. 737.** Nor will any injustice be worked upon the plaintiff. The correction will leave him in his original position and deprive him of no right to which he is justly entitled. **Lomas and Nettleton vs. Isaacs, Supra.**

But there is an additional reason for reaching this conclusion. On the highest equitable grounds, the plaintiff is now estopped from asserting a priority over the lien of Mrs. Ruff's mortgage. These grounds find their basis in the fact that before making the loan Mrs. Ruff sought and relied upon the advice of the one who now seeks to obtain an advantage over her mistake. He knew perfectly well what Mrs. Ruff had in mind and until he discovered that the transaction of taking over the Sommers' mortgages was done through their release and the delivery of a new mortgage he considered himself a subsequent lienor. It does not lie within him to challenge its priority.

Accordingly, on the cross-complaint the issues are found for the defendant, Sophie Ruff, whose mortgage is determined to have priority over that of the plaintiff. Save as is inconsistent herewith the issues on the complaint are found for the plaintiff. The law day for the owners of the equity of redemption shall be October 27th, 1936, with subsequent days and in the following sequence for the following encumbrancers, to wit:

For the defendant, John Rohloff, whose interest arises through an attachment and a judgment lien;

For the defendant, George Noewatne, whose interest arises through an attachment and a judgment lien;

For the defendant, Unadilla Silo Company, Inc., whose interest arises through an attachment lien.