[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (No. 110)
Maria Clara Rafael (plaintiff) filed a three count complaint against St. Vincent's Medical Center (defendant) on October 1, 1991. The complaint arises out of defendant's decision to terminate its employment relationship with plaintiff. Plaintiff claims that such termination was without just cause and was improper.
The first count is based on a breach of an alleged oral contract between the parties containing an implied promise only to discharge plaintiff for cause. Additionally, this breach allegedly constituted a violation of the covenant of good faith and fair dealing. The second count contains allegations that the policies of defendant, found in the employee handbook and the plaintiff's job description, constitute an express agreement not to discharge plaintiff as long as she continued to perform her duties according to such policies.
In the third count, plaintiff alleges that she was wrongfully discharged by defendant. Plaintiff claims this wrongful discharge was carried out with malicious intent by defendant.
On January 2, 1992, defendant filed a motion to strike the third count of the complaint for failure to state a claim upon which relief may be granted because plaintiff fails to allege a breach of public policy in her wrongful discharge claim. A supporting memorandum of law accompanied the motion. On May 20, 1993, plaintiff filed her memorandum of law in opposition to defendant's motion to strike. Oral argument was heard at short calendar on June 1, 1993.
The function of a motion to strike "is to test the legal sufficiency of a pleading." (Citations omitted.) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In testing legal sufficiency, "[t]he court must construe the facts in the complaint most favorably to the [nonmovant]." (Citation CT Page 7796 omitted.) Gordon v. Bridgeport Housing Authority 208 Conn. 161,170, 544 A.2d 1185 (1988). "[I]f facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail." (Citations omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). Yet, "if a pleading on its face is legally insufficent [insufficient], although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required." (Internal quotation marks omitted; citations omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991).
Defendant, in its memorandum of law in support of the motion to strike, argues that since plaintiff was an at-will employee, she is required to allege that the discharge violated an important public policy in order to state a legally sufficient cause of action based on wrongful discharge. Defendant contends that plaintiff's theory that her discharge was without just cause and was malicious and improper is not sufficient to support a wrongful discharge claim; there is no allegation that the discharge was violative of an important public policy.
In response, plaintiff argues that while the general rule does bar an employee at-will from bringing an action based on wrongful discharge, the facts of the case at bar fall within the public policy exception to the general rule. Plaintiff contends that defendant made malicious claims, falsely accusing plaintiff of theft and dishonesty, all in an attempt to wrongfully discharge the plaintiff. Plaintiff argues that the discharge contravenes the "public policy to provide some protection from arbitrary dismissal to employees who are not able to demand a term contract . . ." and the "public policy requiring good faith and fair dealing in . . . contract." (See Plaintiff's memorandum of law in opposition to defendant's motion to strike, dated May 19, 1993).
The general rule in Connecticut is that employment at will contracts are terminable at will. Coelho v. Posi-Seal International, 208 Conn. 106, 118, 544 A.2d 170 (1988). However, "[i]t would be difficult to maintain that the right to discharge an employee hired at will is so fundamentally different from other contract rights that its exercise is never subject to judicial scrutiny regardless of how outrageous, how violative of public policy, the employer's conduct may be." CT Page 7797 Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 476,427 A.2d 385 (1980). In Sheets, supra, the court recognized a cause of action in tort for wrongful discharge where a "former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original.) Id., 475.
 The issue then becomes the familiar common-law problem of deciding where and how to draw the line between claims that genuinely involve the mandates of public policy and are actionable, and ordinary disputes between employee and employer that are not. We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to forment unwarranted litigation. We are, however, equally mindful that the myriad of employees without the bargaining power to command employment contracts for a definite term are entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers.
Id., 477
"Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception". Morris v. Hartford Courant Co., 200 Conn. 676,680, 513 A.2d 66 (1986). Public policy can be found in express statutory or constitutional provisions, or in judicially conceived notions of public policy. See Id. of course, while certain actions may abrogate public policy, not every act in derogation of a general statute, nor all conduct contrary to the common law, rises to the level of a violation of an important public policy. In Morris, supra, the court found that "[a] false but negligently made accusation of criminal conduct as a basis for dismissal is not a `demonstrably improper reason for dismissal' (Emphasis in original.) and is not `derived from some important violation of public policy.'" Id., quoting Sheets v. Teddy's Frosted Foods, Inc., supra, 475. CT Page 7798
The court in Morris, supra was not faced with the question of "whether an allegation that [a] false accusation was knowingly or recklessly made would have established a viable cause of action" under the public policy exception. Morris, supra, 680. However, in Whittaker v. Barnes Group, Inc.,3 CSCR 315 (February 23, 1988, Hale, J.), the court (Hale, J.), expanding Morris, interpreted a former employee's complaint as sounding in recklessness and found that the allegations in the complaint supported a cause of action for wrongful discharge.
In the case at bar, plaintiff has alleged that defendant's actions with respect to the discharge, including the making of false accusations of theft and dishonesty, were done with malice and intent to wrongfully discharge plaintiff. The allegations in plaintiff's complaint do not rise to the level of a violation of an important public policy. Until the legislature or the supreme court finds otherwise, the superior court should not undermine the well established rule that an employee at will is terminable at will. See Wysocki v. Norden Systems, Inc., 2 Conn. L. Rptr. 545, 546 (October 12, 1990, Fuller, J.)
Moreover, the two public policies which plaintiff claims were violated are, in an of themselves, inadequate to fall within the public policy exception. First, the policy in favor of providing employees at will with "a modicum of judicial protection" was an impetus for the recognition of the public policy exception and is not itself sufficient to state a cause of action for wrongful discharge under such exception. Second, the policy of good faith and fair dealing is also insufficient to state a cause of action for wrongful discharge under the public policy exception. "Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right." Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572, 479 A.2d 781
(1984). In Magnan, the court declined to "transform the requirement of good faith into an implied condition that an employee may be dismissed only for good cause." Id., 571. An employee at will must still show that his discharge involves a violation of an important public policy. Id., 572.
Based on the foregoing defendant's motion to strike the third count of plaintiff's complaint is granted. CT Page 7799
BALLEN, JUDGE