[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
From December 5, 1989 through January 3, 1992, the plaintiff, Indira Reyes, was employed by the defendant, Ames Department Stores. At the time of her initial employment, the plaintiff entered into an agreement with her employer as set forth in the employee handbook. The third count of plaintiff's complaint alleges that on January 3, 1992, the plaintiff was discharged without just cause. The third count also alleges that the defendant and its agents or employees acted with malice and intent to procure the wrongful discharge of the plaintiff in that they wrongfully discharged her for improper reasons, discharged her without regard to the policies and procedures for discharge and falsely accused her of time theft.
The defendant moves to strike the third count claiming it fails to sufficiently allege a cause of action for wrongful discharge in violation of public policy. A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton,212 Conn. 138, 142 (1989). On a motion to strike, the facts alleged are construed most favorably to the nonmovant. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
There is a common law cause of action in tort for wrongful discharge "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980). The defendant's reason for discharging the plaintiff must contravene public policy. Battista v. United Illuminating Co., 10 Conn. App. 486,497-98 (1987).
The first allegation which the plaintiff claims to violate CT Page 608 public policy is that she was dismissed without regard for the defendant's policies and procedures for discharge of an employee. However, enforcement of an employment contract is not a matter of public policy. Murray v. Bridgeport Hospital,40 Conn. Sup. 56, 60 (1984). Therefore, this allegation of the plaintiff fails to state a violation of public policy.
The plaintiff further argues that a malicious and intentional false accusation of theft made to result in the discharge of an employee violates some important public policy. In Morris v. Hartford Courant, 200 Conn. 676, 680 (1986), the court held that "a false but negligently made accusation of criminal conduct as a basis for dismissal is not a `demonstrably improper reason for dismissal and is not derived from some important violation of public policy.'" Id. quoting Sheets,179 Conn. at 475. In Morris, the court noted that it "need not consider . . . whether an allegation that the false accusation was knowingly or recklessly made would have established a viable cause of action . . ." Morris, 200 Conn. at 680.
However, a recent and well-reasoned Superior Court decision has held that allegations that an employer maliciously and intentionally accused an employee of theft in order to discharge the employee do not rise to the level of a violation of an important public policy. Rafael v. St. Vincent's Medical Center, 9 Conn. L. Rptr. No. 19, 610, 612 (1993); but see Whittaker v. Barnes Group, Inc., 3 CSCR 315, 316 (1988). Since these accusations of theft do not rise to the level of a violation of an important public policy, the plaintiff in the instant action has not sufficiently alleged a cause of action for wrongful discharge in the third count. See Rafael, 9 Conn. L. Rptr. No. 19, at 612.
For the reasons stated, the motion to strike is granted.
/s/ Sylvester __________________, J. SYLVESTER