[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND COUNT (#111)
The plaintiff, Kenneth Wall, filed a two count complaint against the defendant, Wausau Insurance Companies (Wausau), alleging the following.
The plaintiff alleges that from November 1, 1990 through November 16, 1990, he served as a juror for the Connecticut Superior Court, and during that time, the defendant assigned work to the plaintiff that the plaintiff was unable to complete in addition to fulfilling his jury obligations. The plaintiff alleges that after the completion of jury duty, on November 27, 1990, he was informed that his work was unsatisfactory. On December 6, 1990, the plaintiff was placed on probationary status due to inadequate work performance. On December 28, 1990, the plaintiff gave the defendant notice that he would retire effective February 28, 1991.
The plaintiff alleges that the standards of performance, used by the defendant to evaluate his work performance, were unreasonable and arbitrary. The plaintiff alleges that he was employed by Wausau from 1966 until 1991, and that in 1991 he was forced to choose an early retirement from Wausau, rather than risk termination on other grounds and loose his retirement benefits. The plaintiff alleges that in order to avoid paying the plaintiff a higher salary and full retirement benefits, warranted by his age CT Page 8332 and senior status within the company, the defendant arbitrarily evaluated the plaintiff's work performance. The plaintiff alleges that the defendant's actions amounted to a "constructive termination" of their employment relationship.
The plaintiff also alleges that, by making a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), pursuant to General Statutes § 46a-82, he has exhausted all administrative remedies. The plaintiff alleges that the CHRO investigated his complaint, without result, released its jurisdiction, and authorized the plaintiff to bring suit.
In count one of his complaint, the plaintiff alleges an age discrimination claim, pursuant to General Statutes § 46a-60(a)(1), and 29 U.S.C. § 623, et seq.
In count two of his complaint, the plaintiff alleges a common law claim for wrongful discharge. The plaintiff alleges that the defendant's "constructive termination" of their relationship violates public policies that encourage citizens to serve as jurors, that protect employees who serve as jurors from retaliation by their employers, and that prohibit age discrimination in employment practices.
Before the court at this time is the defendant's motion to strike the second count of the plaintiff's complaint, on the ground that the plaintiff fails to state a cognizable claim for wrongful termination because he already has statutory remedies available for age discrimination and improper discharge for serving as a juror, thereby precluding a common-law claim for wrongful discharge. Alternatively, the defendant moves to strike on the ground that the plaintiff has failed to allege a violation of an important public policy.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading. Practice Book 1978, § 152. . . ." (Citations omitted.) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 343
(1989). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The facts must CT Page 8333 be construed in favor of the nonmoving party. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The defendant argues in its motion to strike that the plaintiff cannot raise a common law claim for wrongful discharge when statutory remedies for age discrimination, and improper discharge for serving as a juror are available to the plaintiff. The defendant claims that the plaintiff has statutory remedies available to him under the Connecticut Fair Employment Practices Act (FEPA), General Statutes § 46a-60 (a)(1), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and that both statutes preclude the plaintiff from also pursuing a common law cause of action based on public policy theories that prohibit age discrimination. The defendant also argues that the plaintiff has failed to timely pursue his statutory remedy, pursuant to General Statutes § 51-247a, for alleged discharge because of jury service, and cannot now circumvent the statutory rules in order to pursue a claim for wrongful discharge.
As an alternative ground in support of the motion to strike the defendant claims that the second count fails to allege a violation of an important public policy.
In opposition the plaintiff claims that the existence of another remedy does not bar the plaintiff's claim of wrongful discharge because the sole element required for the tort of wrongful discharge is that the plaintiff's termination be based on an improper reason that is offensive to public policy. The plaintiff also argues that "the statutory remedy of not more than ten weeks wages provided by [General Statutes] § 51-247a(b) is plainly inadequate," to redress the plaintiff's losses, which consist of several years of lost salary and a partial loss of retirement and medical benefits.
"The general rule in Connecticut is that employment at will contracts are terminable at will." Rafael v. St. Vincent's MedicalCenter, 8 CSCR 1003, 1004, (August 26, 1993, Ballen, J.), citingCoelho v. Posi-Seal International, 208 Conn. 106, 118, 544 A.2d 170
(1988). The court in Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 476, 427 A.2d 385 (1980), "articulated a narrow exception to this rule when it recognized a common law cause of action in tort for a discharge `if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public CT Page 8334 policy.'" (Emphasis in the original.) Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 495 (1987), 523 A.2d 1356, citing Sheets v. Teddy's Frosted Foods, Inc., supra. "[T]he right to recover in tort for wrongful discharge extends only to employees at will." D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 211, n. 1, 520 A.2d 217 (1987).
"In an action under Sheets v. Teddy's Frosted Foods, Inc., supra, the former employee has the burden of pleading and proving that his or her dismissal occurred for a reason that violates public policy." Seery v. Yale-New Haven Hospital, supra, citingMorris v. Hartford Courant Co., 200 Conn. 676, 679, 513 A.2d 66
(1986); Girgenti v. Cali-Con, Inc., 15 Conn. App. 130, 544 A.2d 655
(1988). "[F]or a discharge to be actionable, there must be more than an incidental effect on public policy . . . [t]he defendant's reason for discharging the plaintiff must contravene public policy." Battista v. United Illuminating Co., supra, 497-98. See also Atkins v. Bridgeport Hydraulic, Co., 5 Conn. App. 643, 648,501 A.2d 1223 (1985) (cause of action for wrongful discharge only recognized where public policy is "clearly contravened").
"Superior court cases and district court cases have fairly consistently held . . . that neither a wrongful discharge nor a breach of implied covenant claim are available where . . . a plaintiff has adequate statutory remedies through which the alleged public policy violations can be enforced." (Internal quotation marks omitted; citations omitted). Faulkner v. Sikorsky Aircraft, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525080 (April 6, 1994, Corradino, J.).
 The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy unvindicated.
Atkins v. Bridgeport Hydraulic, Co., supra, citing Wehr v.Burroughs Corp. , 438 F. Sup. 1052, 1054 (E.D. Pa. 1977). "[C]ases have recognized that the concept in the Sheets case applies only in limited circumstances. . . ." Brotherton v. Burndy Corp. , Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 022481 (September 24, 1990, Fuller, J.). CT Page 8335
 It is clear then that the whole rationale undergirding the public policy exception is the vindication or the protection of certain strong policies of the community. If these policies or goals are preserved by other remedies, then the public policy is sufficiently served. Therefore, application of the public policy exception requires two factors: (1) that the discharge violate some well-established public policy; and (2) that there be no remedy to protect the interest of the aggrieved employee or society.
(Emphasis added.) Wehr v. Burroughs Corp. , supra, 1055. When a "plaintiff has state and federal statutory remedies for the claimed violations, an action may not be based on a common law claim concerning these violations." Faulkner v. Sikorsky Aircraft, supra.
The plaintiff may invoke the doctrine of wrongful discharge if he is an employee at will who is otherwise without remedy, and permitting the discharge to go unredressed would "leave a valuable social policy unvindicated." Atkins v. Bridgeport Hydraulic, Co., supra; see also D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, supra; Wehr v. Burroughs Corp. , supra. The plaintiff, in count two of his complaint, alleges violations of public policies that encourage jury service, protect employees who serve as jurors from retaliation by their employers, and prohibit age discrimination. It is the defendant's position that these public policy reasons may be "preserved by other remedies"; Wehr v.Burroughs Corp. , supra; namely the Connecticut Fair Employment Practices Act (FEPA), General Statutes § 46a-60(a)(1), the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and the jury discrimination law, General Statutes § 51-247a.
However, the plaintiff's claim against his former employer is based on the theory of "constructive discharge," and the plaintiff alleges that he retired from his position before being terminated by the defendant. The plaintiff had ninety days from the date of discharge to bring a civil action for jury discrimination, but chose not pursue his statutory remedy. Based on the plaintiff's claim that the ten weeks of compensation allowed for jury discrimination, pursuant to General Statutes § 51-247a(b), is inadequate to redress his losses, the plaintiff may pursue a common law cause of action for wrongful discharge in addition to his statutory claims. See Wehr v. Burroughs Corp. , supra (public policy exception applies when there is no remedy to protect the party's CT Page 8336 interest).
The alternate ground claimed by the defendant in support of the motion is a claim that the plaintiff has failed to allege a violation of an important public policy. The allegation that the defendant has violated the public policy which encourages citizens to serve as jurors and which protects employees who serve as jurors from retaliation by their employers is a sufficient allegation of a violation of an important public policy. See Alexander v.O'Brien, 4 Conn. L. Reptr. 555, 557 (1991).
Accordingly, for the reasons stated, the motion to strike the second count is denied.
William L. Hadden, Jr., Judge